UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIA HEAVERN, et al. ) | 05  11170 MEL |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. _____ |
| ) | |
| MARRIOTT INTERNATIONAL, INC. ) | |
| and ZURICH NORTH AMERICA, MAGISTRATE JUDGE _____ ) | |
| ) | |
| Defendants. ) | |

RECEIPT # 64745
AMOUNT $ 250
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 6/6/05

**NOTICE OF REMOVAL**

TO: The Honorable Chief and Judges
of the United States District Court
District of Massachusetts

**PLEASE TAKE NOTICE THAT** the defendant Zurich North America ("Defendant" or

"Zurich")[1] hereby files this Notice of Removal of Civil Action No. PLCV 2005-00287-B which is

filed in the Superior Court of the Commonwealth of Massachusetts, Plymouth County (the "State

Court Action") to the United States District Court for the District of Massachusetts pursuant to

28 U.S.C. §1441 and §1446, as amended and, in accordance with 28 U.S.C. §1332 on the

following grounds:

1. On or about March 11, 2005, the Plaintiffs, Julia Heavern by her parents and next

friends, Denise and Paul Heavern, Nicole Heavern, by her parents and next friends, Denise and

Paul Heavern, Kerin Mitchell, by her parents and next friends, Ellen and Jim Mitchell, Taylor

Vieira, by her parents and next friend, Kathy and Steve Vieira, and Brian Vieira, by his parents

and next friends, Kathy and Steve Vieira (collectively referred to as the "Plaintiffs") commenced

---

[1] The Plaintiff has misnamed the Defendant in its Complaint. The Defendant's proper name is "Zurich American Insurance Company."

this lawsuit against the defendants, Marriott International, Inc. ("the Marriott") and Zurich in the Superior Court, Commonwealth of Massachusetts, Plymouth County, Civil Action No. PLCV 2005-00287-B ("State Court Action").

2.  In the State Court Action, the Plaintiffs asserted claims for negligence against the Marriot with respect to injuries allegedly sustained by the Plaintiffs.

3.  In the State Court Action, the Plaintiffs also asserted a claim against Zurich under M.G.L. c.93A and M.G.L. c. 176D, Section 3(9)(f).

4.  The Plaintiffs served Zurich with a copy of the Summons, Complaint and Civil Action cover sheet in the State Court Action on or about May 12, 2005. In accordance with 28 U.S.C. §1446(b), this Notice of Removal is being filed within thirty (30) days of receipt by Zurich of the initial pleadings.

5.  Pursuant to 28 U.S.C. §1332, the United States District Court for the District of Massachusetts has original jurisdiction over this matter because:

   a.  the amount in controversy exceeds $75,000 because the Plaintiffs allege they have sustained damages of at least $130,000; and

   b.  there is complete diversity of citizenship because the Plaintiffs are residents of Massachusetts (Complaint ¶¶1-5); the Marriott is a Delaware corporation with a principal place of business in Maryland; and Zurich is a New York corporation with a principal place of business in Maryland.

6.  Pursuant to 28 U.S.C. §1446(d), the Plaintiffs, through their counsel, are being provided with written notice of the filing of this Notice of Removal as evidenced by the attached certificate of service.

7. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal will be filed today with the Clerk of the Superior Court, Plymouth County.

8. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings and orders served upon the Defendant, Zurich are attached hereto, as Exhibit A.

9. Pursuant to Loc. R. 81.1, Zurich will file, within thirty (30) days after filing this Notice of Removal, certified or attested copies of all records and proceedings in the State Court Action and certified or attested copy of all docket entries in the State Court Action.

**WHEREFORE,** defendant, Zurich North America, respectfully requests that this Court:

1. remove from the Superior Court of the Commonwealth of Massachusetts, Plymouth County, Civil Action No. PLCV 2005-00287-B, to the United States District Court for the District of Massachusetts; and

2. grant such other and further relief as this Court deems proper and appropriate.

ZURICH AMERICAN INSURANCE COMPANY,
By its Attorneys,

*/s/ Gina A. Fonte*
Peter G. Hermes, BBO. No. 231840
Gina A. Fonte, BBO No. 642367
HERMES, NETBURN, O'CONNOR &
SPEARING, P.C.
111 Devonshire Street, 8th Floor
Boston, MA 02109
(617) 728-0050
(617) 728-0052 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 1-th day of June, 2005, I served on counsel of record the above notice by mailing a copy thereof, postage prepaid, to:

Garrett Bradley, Esquire
THORNTON & NAUMES, LLP
100 Summer Street, 30th Floor
Boston, MA 02110

Anthony Campo, Esq.
Boyle, Morrisey & Campo
25 Stuart Street
Boston, MA 02116

_/s/ Gina A. Fonte_
Gina A. Fonte

G:\DOCS\PGH\clients\zurich\Heavern\Pleadings\Notice of Removal Federal Court.doc

# COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

Julia Heavern, by her parents and next Friends, Denise and Paul Heavern, Nicole Heavern, by her parents and Next friend Denise and Paul Heavern, Kevin Mitchel, by her parents and Next friends, Ellen and Jim Mitchell, Taylor Vieira, by her parents and Next friend, Kathy and Steve Vieira, And Brian Vieira, by his parents and Next friends, Kathy and Steve Vieira
......, Plaintiff(s)

vs.

Marriott International, Inc., and Zurich North America, ......, Defendant(s)

SUPERIOR COURT DEPARTMENT OF THE
TRIAL COURT OF THE COMMONWEALTH
CIVIL ACTION
NO. PLCV2005-00287-B

SERVED ON
MAY 1 2 2005
K. Grucella 10:45am

RECEIVED
MAY 1 2 2005
H.O. Claims/Legal

## SUMMONS

To the above-named defendant : Person In Charge of Business for Zurich North America, 1400 American Lane, Schaumburg, Cook County, Illinois. Garrett J. Bradley, Esquire
You are hereby summoned and required to serve upon MA 02110
plaintiff attorney, whose address is 100 Summer St., 30th Flr., Boston, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Brockton either before service upon plaintiff attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff claim or you will thereafter be barred from making such claim in any other action.

Witness Barbara J. Rouse Esquire, at Plymouth the ...5th... ......... day of May ......., in the year of our Lord one thousand nine hundred and 2005

Francis R. Powers
CLERK.

**NOTES**

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To plaintiff's attorney: please circle type of action involved – Tort – Motor Vehicle Tort – Contract – Equitable Relief – Other.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................., 19 ...., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant , in the following manner (See Mass. R. Civ. P. 4 (d) (1-5): ..................................

................................................................................................................

................................................................................................................

Dated: ........................., 19 .........................

N.B. TO PROCESS SERVER:—
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

..............., 19 ..............

FORM 1 RF 5M

NOTICE TO DEFENDANT— You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office at Brockton.

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | T\. Court of Massachusetts Superior Court Department County: Plymouth |
|---|---|---|

| PLAINTIFF(S) Julia Heavern, et al. | DEFENDANT(S) Marriott International, Inc., et al. |
|---|---|
| ATTORNEY, FIRM, ADDRESS AND TELEPHONE (617) 720-1333 Allyson S. Hauck, Esquire Garret J. Bradley, Esquire THORNTON & NAUMES, LLP 100 Summer St., 30th Fl., Boston, MA 02110 Board of Bar Overseers number: 659547 and 629240 | ATTORNEY (if known) |

**Origin code and track designation**

Place and x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231, s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct.C.231,s.102C(X)
- [ ] 4. F04 District Court Appeal c.231,s.97 & 104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P.60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See Reverse Side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Personal Injury | (F) | (X) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses .................................................... $ 5,0000.00
   2. Total Doctor expenses ..................................................... $ 700.00
   3. Total chiropractic expenses ............................................... $ ........
   4. Total physical therapy expenses ........................................... $ ........
   5. Total other expenses (describe) ........................................... $ ........
   Subtotal $ 5,700.00

B. Documented lost wages and compensation to date ............................... $ ........
C. Documented property damages to date .......................................... $ ........
D. Reasonably anticipated future medical and hospital expenses .................. $ 125,000.00
E. Reasonably anticipated lost wages ............................................ $ ........
F. Other documented items of damages (describe) ................................. $ ........

G. Brief description of plaintiff's injury, including nature and extent of injury (describe): Five minor Plaintiffs were exposed to dangerous levels of chemicals at Defendants' hotel pool. All experienced severe facial burns, trouble breathing and skin rash. Some of the children had experienced severe eye irritation. One of the children had exacerbation of asthma for 1 to 2 months following the exposure. Another child was put on an inhalant and continues to use this inhaler to date. Another child developed mild Reactive Airway Disease. As a result of the exposure, all children experienced some level of emotional trauma.

TOTAL $ 130,000.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR TOTAL COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____, Esq.    DATE: March 10, 2005

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.                                                    SUPERIOR COURT
                                                                 C.A. NO.:
                                                                 PLCV2005-00787-B

Julia Heavern, by her parents                )
and next friends, Denise and Paul            )
Heavern, Nicole Heavern, by her              )
parents and next friends, Denise             )
and Paul Heavern; Kerin Mitchell,            )
by her parents and                           )
next friends, Ellen and Jim Mitchell,        )
Taylor Vieira, by her parents and            )
next friend, Kathy and Steve Vieira,         )
and Brian Vieira, by his parents             )
and next friends, Kathy and                  )
Steve Vieira,                                )
                                             )
            Plaintiffs,                      )
                                             )           **COMPLAINT AND JURY CLAIM**
                                             )
v.                                           )
                                             )
                                             )
Marriott International, Inc.,                )
And Zurich North America                     )
Defendants.                                  )

## PARTIES

1.  Plaintiff, Julia Heavern, is a minor represented by her parents and next friends, Denise and Paul Heavern who resides at 7 Glover Avenue, Hull, Massachusetts.

2.  Plaintiff, Nicole Heavern, is a minor represented by her parents and next friends, Denise and Paul Heavern who resides at 7 Glover Avenue, Hull, Massachusetts.

3.  Plaintiff, Kerin Mitchell, is a minor represented by her parents and next friends, Ellen and Jim Mitchell, who resides at 34 Nantasket Avenue, Hull, Massachusetts.

4.  Plaintiff, Taylor Vieira, is a minor represented by his parents and next friends, Kathy and Steve Vieira, who resides at 51 Warfield Avenue, Hull, Massachusetts.

5.  Plaintiff, Bryan Vieira, is a minor represented by his parents and next friends, Kathy and Steve Vieira, who resides at 51 Warfield Avenue, Hull, Massachusetts.

6. Defendant, Marriott International, Inc. (hereinafter "Marriott" or "Courtyard Marriott", is a corporation with a principle place of business at 10400 Fernwood Road, Department 862, Bethesda, Maryland.

7. Defendant, Zurich North America (hereinafter "Zurich") is a corporation with a principle place of business at 1400 American Lane, Schaumburg, Illinois.

## JURISDICTION

7. The plaintiffs' cause of action arises from the defendant's (1) transacting business in Massachusetts; (2) contracting to supply and/or sell goods in Massachusetts; (3) doing or causing a tortuous act to be done in Massachusetts; and/or (4) causing the consequence of a tortuous act to occur within Massachusetts, and the defendants do, or solicit business, or engage in a persistent course of conduct or derive substantial revenue from the sale of goods in Massachusetts.

## FACTS

8. On or about March 15, 2003, the plaintiffs were guests at the Courtyard, Marriott in Concord, New Hampshire.

9. On or about March 15, 2003, the plaintiffs spent approximately six hours swimming in the Courtyard Marriott's indoor swimming pool.

10. On information and belief, on the morning of said date, the defendant had "shocked" the swimming pool with excessive amounts of chlorine or other chemicals.

11. On information and belief, on this date, defendants posted no warnings that the pool had excessive or hazardous amounts of chlorine or other chemicals, nor did the defendants prevent guests from using the swimming pool.

12. On information and belief, the defendants did not use ordinary care, which included their regular practice of closing the pool after "shock" treatments and waiting until the chemical levels were safe before allowing patrons to use the pool.

13. On information and belief, the defendants did not warn of the non-obvious danger, known to the defendants, that the swimming pool contained unsafe and hazardous levels of chlorine and other chemicals.

14. On information and belief, the defendants did not make reasonable inspections in order to discover whether their guests were using the swimming pool during times when the levels of chlorine or other chemicals were at unsafe or dangerous levels.

15. Due to the exposure of high levels of chemicals in the defendant's swimming pool, all five plaintiffs sustained various injuries of varying degrees. These injuries include, but

are not limited to, chemical skin burns, chest discomfort, breathing difficulty, red and sore eyes and asthma.

16. As a direct and proximate cause of this incident, plaintiffs have accrued significant medical expenses, and certain plaintiffs will continue to accrue medical expenses. Furthermore, plaintiffs were temporarily incapacitated and prevented from participating in their usual activities for a substantial period of time, and have suffered varying degrees of emotional injuries.

## COUNT I
## JULIA HEAVERN, PPA DENISE AND PAUL HEAVERN V. COURTYARD MARRIOTT
## NEGLIGENCE

17. Plaintiff, Julia Heavern, PPA Denise Heavern adopts by reference all of the allegations above, each inclusive, as though fully set forth herein.

18. As a direct and proximate result of the negligence of the defendant, the plaintiff Julia Heavern suffered personal injuries, including, but not limited to, 1st degree burns, acute breathing difficulty, and transient skin reaction.

WHEREFORE, plaintiff, Julia Heavern, PPA Denise Heavern, demands judgment against the defendant, Courtyard Marriott, in an amount to be determined at trial, together with interest and costs and such other relief as this Honorable Court may deem necessary.

## COUNT II
## NICOLE HEAVERN, PPA DENISE AND PAUL HEAVERN V. COURTYARD MARRIOTT
## NEGLIGENCE

19. Plaintiff, Nicole Heavern, PPA Denise Heavern adopts by reference all of the allegations above, each inclusive, as though fully set forth herein.

20. As a direct and proximate result of the negligence of the defendant, the plaintiff Nicole Heavern suffered personal injuries, including, but not limited to acute difficulty breathing and nausea, burning skin, peeling skin, continuing chapped skin above her upper lip, enduring difficulty breathing, mild rash, transient skin reaction, and mild Reactive Airways Disease (asthma).

WHEREFORE, plaintiff, Nicole Heavern, PPA Denise Heavern, demands judgment against the defendant, Courtyard Marriott, in an amount to be determined at trial, together with interest and costs and such other relief as this Honorable Court may deem necessary.

## COUNT III
### KERIN MITCHELL, PPA ELLEN AND JIM MITCHELL, V. COURTYARD MARRIOTT
### NEGLIGENCE

21. Plaintiff, Kerin Mitchell, PPA Kathy Vieira, adopts by reference all of the allegations above, each inclusive, as though fully set forth herein.

22. As a direct and proximate result of the negligence of the defendant, the plaintiff Kerin Mitchell suffered personal injuries, including, but not limited to facial burns, breathing difficulty, sore throat, significant skin reaction for several weeks, and emotional trauma.

WHEREFORE, plaintiff, Kerin Mitchell, PPA Ellen Mitchell, demands judgment against the defendant, Courtyard Marriott, in an amount to be determined at trial, together with interest and costs and such other relief as this Honorable Court may deem necessary.

## COUNT IV
### TAYLOR VIEIRA, PPA KATHY STEVE VIERA V. COURTYARD MARRIOTT
### NEGLIGENCE

23. Plaintiff, Taylor Vieira, PPA Kathy Vieira, adopts by reference all of the allegations above, each inclusive, as though fully set forth herein.

24. As a direct and proximate result of the negligence of the defendant, the plaintiff Taylor Vieira suffered personal injuries, including, but not limited to facial burns, breathing difficulty, sore throat, significant skin reaction for several weeks, and emotional trauma.

WHEREFORE, plaintiff, Taylor Vieira, PPA Kathy Vieira, demands judgment against the defendant, Courtyard Marriott, in an amount to be determined at trial, together with interest and costs and such other relief as this Honorable Court may deem necessary.

## COUNT V
### BRYAN VIEIRA, PPA KATHY AND STEVE VIERA V. COURTYARD MARRIOTT
### NEGLIGENCE

25. Plaintiff, Bryan Vieira, PPA Kathy Vieira, adopts by reference all of the allegations above, each inclusive, as though fully set forth herein.

26. As a direct and proximate result of the negligence of the defendant, the plaintiff Bryan Vieira suffered personal injuries, including, but not limited to facial burns, breathing difficulty, sore throat, enduring red and irritated eyes, skin burns, skin irritation for weeks following the incident and exacerbation of pre-existing asthma as well as emotional injuries.

WHEREFORE, plaintiff, Bryan Vieira, PPA Kathy Vieira, demands judgment against the defendant, Courtyard Marriott, in an amount to be determined at trial, together with interest and costs and such other relief as this Honorable Court may deem necessary.

## COUNT VI
## JULIA HEAVERN, ET AL., V ZURICH NORTH AMERICA
## VIOLATION OF M.G.L. c. 93A and
## M.G.L. CHAPTER 176D, SECTION 3(9)(f)

27. Plaintiffs adopt by reference all of the allegations above, each inclusive, as though fully set forth within.

28. At all times references herein, defendants and insurance coverage through Zurich North America ("Zurich").

29. After unsuccessful attempts to resolve the matter over the phone, on June 21, 2004, each plaintiff sent Zurich a demand for settlement.

30. The defendants failed to respond to this demand letter within 30 days.

31. The defendant has failed to make a fair and equitable offer of settlement in response to said demands for relief.

32. The defendant's failure to make such an offer is a violation of G.L. c. 176D, §3(9)(f) in that said defendant failed to effectuate a prompt, fair and equitable settlement of a claim in which liability has become reasonably clear.

33. The defendant's failure to effectuate such a settlement is an unfair and deceptive trade act or practice within the meaning of G.L. c. 93A § 2.

34. The defendant is liable to the plaintiff for the plaintiff's actual damages and for punitive damages up to three times the actual damages, plus interest, costs and attorney's fees.

Wherefore, the plaintiffs demand judgment against the defendant in an amount to be determined at trial, including treble damages, together with interest, costs and such other relief as this Honorable Court deems necessary and proper.

PLAINTIFFS RESERVE THE RIGHT TO A JURY TRIAL ALL COUNTS
CONTAINED WITHIN THIS COMPLAINT

Respectfully submitted by the Plaintiffs,
By their Attorney,

*[signature]*

Garrett Bradley, Esquire BBO # 629240
THORNTON & NAUMES, LLP
100 Summer Street, 30th Floor
Boston, MA 02110
(617) 730-1333

Dated: March 10, 2005