MAS-20040909
meehanke

**Commonwealth of Massachusetts**
PLYMOUTH SUPERIOR COURT
**Case Summary**
**Civil Docket**

06/02/2005
12:08 PM

**PLCV2005-00287**

## eavern, ppa; by her parents & next friends Denise & Paul Heaven et al v Marriott International, Inc. et

| **File Date** | 03/11/2005 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 06/02/2005 | **Session** | B - Civil B - CtRm 1 (Plymouth) |
| **Origin** | 1 | **Case Type** | B04 - Other negligence/pers injury/pro |
| **Lead Case** | | **Track** | F |

| **Service** | 06/09/2005 | **Answer** | 08/08/2005 | **Rule12/19/20** | 08/08/2005 |
| **Rule 15** | 08/08/2005 | **Discovery** | 01/05/2006 | **Rule 56** | 02/04/2006 |
| **Final PTC** | 03/06/2006 | **Disposition** | 05/05/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Julia Heavern, ppa; by her parents & next friends
Denise & Paul Heaven
Active 03/11/2005

**Private Counsel 629240**
Garrett J Bradley
Thornton & Naumes
100 Summer Street
30th floor
Boston, MA 02110
Phone: 617-720-1333
Fax: 617-720-2445
Active 03/11/2005 Notify

**Plaintiff**
Nicole Heavern, ppa by her parents & next friends
Denise & Paul Heavern
Active 03/11/2005

**Plaintiff**
Kerin Mitchell, ppa by her parents & next friends
Ellen & Jim Mitchell
Active 03/11/2005

**Plaintiff**
Taylor Vieira, ppa by her parents & next friends
Kathy & Steve Vieira
Active 03/11/2005

MAS-20040909
meehanke

Case 1:05-cv-11170-RCL   Document 2   Filed 06/08/2005   Page 2 of 55

**Commonwealth of Massachusetts**
**PLYMOUTH SUPERIOR COURT**
**Case Summary**
**Civil Docket**

06/02/2005
12:08 PM

## PLCV2005-00287

### eavern, ppa; by her parents & next friends Denise & Paul Heaven et al v Marriott International, Inc. et

| | |
|---|---|
| **Plaintiff**<br>Brian Vieira, ppa by his parents next friends Kathy<br>& Steve Vieira<br>Active 03/11/2005 | |
| **Defendant**<br>Marriott International, Inc.<br>Served: 04/04/2005<br>Answered: 05/31/2005<br>Answered 05/31/2005 | **Private Counsel 634025**<br>Keith L Sachs<br>Melick Porter & Shea LLP<br>28 State Street<br>22nd floor<br>Boston, MA 02109-1775<br>Phone: 617-523-6200<br>Fax: 617-523-8130<br>Active 06/01/2005 Notify |
| **Defendant**<br>Zurich North America<br>Served: 05/12/2005<br>Answered: 05/31/2005<br>Answered 05/31/2005 | **Private Counsel 231840**<br>Peter G Hermes<br>Hermes Netburn O'Connor & Sommerville<br>111 Devonshire Street<br>8th floor<br>Boston, MA 02109-5407<br>Phone: 617-728-0050<br>Fax: 617-728-0052<br>Active 05/26/2005 Notify<br><br>**Private Counsel 642367**<br>Gina A Fonte<br>Hermes Netburn O'Connor & Sommerville<br>111 Devonshire Street<br>8th floor<br>Boston, MA 02110-5407<br>Phone: 617-728-0050<br>Fax: 617-728-0052<br>Active 05/26/2005 Notify |

**ENTRIES**

| Date | Paper | Text |
|---|---|---|
| 03/11/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 03/11/2005 | | Origin 1, Type B04, Track F. |
| 04/19/2005 | 2.0 | SERVICE RETURNED: Marriott International, Inc.(Defendant) in hand to<br>Bernardo Montanez agent/person in charge |
| 05/19/2005 | 3.0 | Atty  Peter G. Hermes and Gina A. Fonte's notice of appearance for<br>Zurich North America |
| 05/24/2005 | 4.0 | SERVICE RETURNED: Zurich North America(Defendant) |
| 05/31/2005 | 5.0 | ANSWER: Zurich North America(Defendant) |
| 05/31/2005 | 6.0 | ANSWER & Jury Claim: Marriott International, Inc.(Defendant) |
| 06/02/2005 | 7.0 | Copy of Petition for Removal to the United States District Court<br>filed by Zurich North America |
| 06/02/2005 | 8.0 | Case REMOVED this date to US District Court of Massachusetts |

MAS-20040909

meehanke

Case 1:05-cv-11170-RCL    Document 2    Filed 06/08/2005    Page 3 of 55

**Commonwealth of Massachusetts**
PLYMOUTH SUPERIOR COURT
Case Summary
Civil Docket

06/02/2005
12:08 PM

## PLCV2005-00287

### eavern, ppa; by her parents & next friends Denise & Paul Heaven et al v Marriott International, Inc. et

**EVENTS**



A TRUE COPY ATTEST

CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

JULIA HEAVERN, et al.

    Plaintiffs,

v.                                                          **CIVIL ACTION NO. _____**

MARRIOTT INTERNATIONAL, INC.
and ZURICH NORTH AMERICA,

    Defendants.

## NOTICE OF REMOVAL

TO:   The Honorable Chief and Judges
      of the United States District Court
      District of Massachusetts

**PLEASE TAKE NOTICE THAT** the defendant Zurich North America ("Defendant" or

"Zurich") [1] hereby files this Notice of Removal of Civil Action No. PLCV 2005-00287-B which is

filed in the Superior Court of the Commonwealth of Massachusetts, Plymouth County (the "State

Court Action") to the United States District Court for the District of Massachusetts pursuant to

28 U.S.C. §1441 and §1446, as amended and, in accordance with 28 U.S.C. §1332 on the

following grounds:

1.    On or about March 11, 2005, the Plaintiffs, Julia Heavern by her parents and next

friends, Denise and Paul Heavern, Nicole Heavern, by her parents and next friends, Denise and

Paul Heavern, Kerin Mitchell, by her parents and next friends, Ellen and Jim Mitchell, Taylor

Vieira, by her parents and next friend, Kathy and Steve Vieira, and Brian Vieira, by his parents

and next friends, Kathy and Steve Vieira (collectively referred to as the "Plaintiffs") commenced

---

[1] The Plaintiff has misnamed the Defendant in its Complaint. The Defendant's proper name is "Zurich American Insurance Company."

this lawsuit against the defendants, Marriott International, Inc. ("the Marriott") and Zurich in the Superior Court, Commonwealth of Massachusetts, Plymouth County, Civil Action No. PLCV 2005-00287-B ("State Court Action").

2.     In the State Court Action, the Plaintiffs asserted claims for negligence against the Marriot with respect to injuries allegedly sustained by the Plaintiffs.

3.     In the State Court Action, the Plaintiffs also asserted a claim against Zurich under M.G.L. c.93A and M.G.L. c. 176D, Section 3(9)(f).

4     The Plaintiffs served Zurich with a copy of the Summons, Complaint and Civil Action cover sheet in the State Court Action on or about May 12, 2005. In accordance with 28 U.S.C. §1446(b), this Notice of Removal is being filed within thirty (30) days of receipt by Zurich of the initial pleadings.

5.     Pursuant to 28 U.S.C. §1332, the United States District Court for the District of Massachusetts has original jurisdiction over this matter because:

a.     the amount in controversy exceeds $75,000 because the Plaintiffs allege they have sustained damages of at least $130,000; and

b.     there is complete diversity of citizenship because the Plaintiffs are residents of Massachusetts (Complaint ¶¶1-5); the Marriott is a Delaware corporation with a principal place of business in Maryland; and Zurich is a New York corporation with a principal place of business in Maryland.

6.     Pursuant to 28 U.S.C. §1446(d), the Plaintiffs, through their counsel, are being provided with written notice of the filing of this Notice of Removal as evidenced by the attached certificate of service.

2

7.    Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal will be filed
today with the Clerk of the Superior Court, Plymouth County.

8.    Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings and orders served
upon the Defendant, Zurich are attached hereto, as Exhibit A.

9.    Pursuant to Loc. R. 81.1, Zurich will file, within thirty (30) days after filing this
Notice of Removal, certified or attested copies of all records and proceedings in the State Court
Action and certified or attested copy of all docket entries in the State Court Action.

**WHEREFORE,** defendant, Zurich North America, respectfully requests that this Court:

1.    remove from the Superior Court of the Commonwealth of Massachusetts,

Plymouth County, Civil Action No. PLCV 2005-00287-B, to the United States

District Court for the District of Massachusetts; and

2.    grant such other and further relief as this Court deems proper and appropriate.

> **ZURICH AMERICAN INSURANCE COMPANY,**
> By its Attorneys,
>
> Peter G. Hermes, BBO. No. 231840
> Gina A. Fonte, BBO No. 642367
> HERMES, NETBURN, O'CONNOR &
> SPEARING, P.C.
> 111 Devonshire Street, 8th Floor
> Boston, MA 02110
> (617) 728-0050
> (617) 728-0052 (Fax)

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June, 2005, I served on counsel of record the above notice by mailing a copy thereof, postage prepaid, to:

Garrett Bradley, Esquire
THORNTON & NAUMES, LLP
1000 Summer Street, 30th Floor
Boston, MA 02110

Anthony Campo, Esq.
Boyle, Morrisey & Campo
25 Stuart Street
Boston, MA 02116

Gina A. Fonte

G:\DOCS\PGH\clients\zurich\Heavern\Pleadings\Notice of Removal Federal Court.doc

A TRUE COPY ATTEST

CLERK

4

**A**

PLYMOUTH, ss.

Julia Heavern, by her parents and next Friends, Denise and Paul Heavern, Nicole Heavern, by her parents and Next friend Denise and Paul Heavern, Karin Mitchel, by her parents and Next friends, Ellen and Jim Mitchell, Taylor Vicira, by her parents and Next friend, Kathy and Steve Vicira, And Brian Vicira, by his parents and Next friends, Kathy and Steve Vicira

............................ ......, Plaintiff(s)

vs.

Marriott International, Inc., and Zurich North America....................................., Defendant(s)

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT OF THE COMMONWEALTH
CIVIL ACTION

NO. PLCV 2005 - 00287-B

RECEIVED
MAY 1 2 2005
H.O. Claims/Legal

SERVED ON

MAY 1 2 2005

K. Grueella 10:45am

## SUMMONS

To the above-named defendant : Person In Charge of Business for Zurich North America, 1400 American Lane, Schaumburg, Cook County, Illinois. Garrett J. Bradley, Esquire

You are hereby summoned and required to serve upon plaintiff attorney, whose address is 100 Summer St., 30th Flr., Boston, MA 02110 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Brockton either before service upon plaintiff attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff claim or you will thereafter be barred from making such claim in any other action.

Witness Barbara J. Rouse Esquire, at Plymouth the ...... 5th. ........ ..... ... ... day of May ..........., in the year of our Lord one thousand nine hundred and 2005.

Francis R. Powers

CLERK.

### NOTES

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To plaintiffs attorney: please circle type of action involved — Tort — Motor Vehicle Tort — Contract — Equitable Relief — Other.

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ................ ...... .. ...... ....., 19 ..., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant , in the following manner (See Mass. R. Civ. P. 4 (d) (1-5): ..........

Dated: , 19

N.B. TO PROCESS SERVER:—
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

, 19

NOTICE TO DEFENDANT— You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office at Brockton.

FORM 1 RF 5L



| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: Plymouth |
|---|---|---|

| PLAINTIFF(S) Julia Heavern, et al. | DEFENDANT(S) Marriott International, Inc., et al. |
|---|---|

| ATTORNEY, FIRM, ADDRESS AND TELEPHONE (617) 720-1553 Allyson S. Hauck, Esquire Garret J. Bradley, Esquire THORNTON & NAUMES, LLP 100 Summer St., 30th FL, Boston, MA 02110 Board of Bar Overseers number: 659547 and 629240 | ATTORNEY (if known) |
|---|---|

### Origin code and track designation

Place and x in one box only:

X☐ 1.FO1 Original Complaint
☐ 2.FO2 Removal to Sup.Ct. C.231, s.104 (Before trial) (F)
☐ 3.FO3 Retransfer to Sup.Ct.C.231,s.102C(X)

☐ 4.F04 District Court Appeal c.231,s.97 & 104 (After trial) (X)
☐ 5.F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P.60) (X)
☐ 6.E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See Reverse Side)

CODE NO.   TYPE OF ACTION (specify)   TRACK   IS THIS A JURY CASE?

B04   Personal Injury   (F)   (X) Yes   ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................................. $ 5,0000.00
2. Total Doctor expenses ................................................................. $   700.00
3. Total chiropractic expenses ............................................................. $ ........
4. Total physical therapy expenses ......................................................... $ ........
5. Total other expenses (describe) ......................................................... $ ........
   Subtotal $.   5,700.00.

B. Documented lost wages and compensation to date ........................................... $. ........
C. Documented property damages to date ...................................................... $ . ........
D. Reasonably anticipated future medical and hospital expenses ............................... $ .125,000.00
E. Reasonably anticipated lost wages ........................................................ $ ........
F. Other documented items of damages (describe)

$...........

G.  Brief description  of plaintiff's injury, including nature and extent of injury (describe): The minor Plaintiffs were exposed to dangerous levels of chemicals at Defendant's hotel pool. All experienced severe facial burns, trouble breathing and skin rash. Some of the children had exacerbation of asthma for 1 to 2 months following the exposure. Another child was on an inhalation treatment to use the inhaler to date. Another child developed mild Reactive Airway Disease. As a result of the exposure, all children experienced some level of emotional trauma.

TOTAL $..130,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIORTOTAL COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record

DATE: March 10 2005

, Esq.

# COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT
C.A. NO.:
YX CV 2005 - 00287 - B

)
Julia Heavern, by her parents )
and next friends, Denise and Paul )
Heavern, Nicole Heavern, by her )
parents and next friends, Denise )
and Paul Heavern, Kerin Mitchell, )
by her parents and )
next friends, Ellen and Jim Mitchell, )
Taylor Vieira, by her parents and )
next friend, Kathy and Steve Vieira, )
and Brian Vieira, by his parents )
and next friends, Kathy and )
Steve Vieira, )
)
     Plaintiffs, )
)
)
v. )
)
)
)
Marriott International, Inc., )
And Zurich North America )
Defendants. )
)

## COMPLAINT AND JURY CLAIM

## PARTIES

1.    Plaintiff, Julia Heavern, is a minor represented by her parents and next friends, Denise and Paul Heavern who resides at 7 Glover Avenue, Hull, Massachusetts.

2.    Plaintiff, Nicole Heavern, is a minor represented by her parents and next friends, Denise and Paul Heavern who resides at 7 Glover Avenue, Hull, Massachusetts.

3.    Plaintiff, Kerin Mitchell, is a minor represented by her parents and next friends, Ellen and Jim Mitchell, who resides at 34 Nantasket Avenue, Hull, Massachusetts.

4.    Plaintiff, Taylor Vieira, is a minor represented by his parents and next friends, Kathy and Steve Vieira, who resides at 51 Warfield Avenue, Hull, Massachusetts.

5.    Plaintiff, Bryan Vieira, is a minor represented by his parents and next friends, Kathy and Steve Vieira, who resides at 51 Warfield Avenue, Hull, Massachusetts.

6.     Defendant, Marriott International, Inc. (hereinafter "Marriott" or "Courtyard Marriott", is a corporation with a principle place of business at 10400 Fernwood Road, Department 862, Bethesda, Maryland.

7.     Defendant, Zurich North America (hereinafter "Zurich") is a corporation with a principle place of business at 1400 American Lane, Schaumburg, Illinois.

## JURISDICTION

7.     The plaintiffs' cause of action arises from the defendant's (1) transacting business in Massachusetts; (2) contracting to supply and/or sell goods in Massachusetts; (3) doing or causing a tortuous act to be done in Massachusetts; and/or (4) causing the consequence of a tortuous act to occur within Massachusetts, and the defendants do, or solicit business, or engage in a persistent course of conduct or derive substantial revenue from the sale of goods in Massachusetts.

## FACTS

8.     On or about March 15, 2003, the plaintiffs were guests at the Courtyard, Marriott in Concord, New Hampshire.

9.     On or about March 15, 2003, the plaintiffs spent approximately six hours swimming in the Courtyard Marriott's indoor swimming pool.

10.     On information and belief, on the morning of said date, the defendant had "shocked" the swimming pool with excessive amounts of chlorine or other chemicals.

11.     On information and belief, on this date, defendants posted no warnings that the pool had excessive or hazardous amounts of chlorine or other chemicals, nor did the defendants prevent guests from using the swimming pool.

12.     On information and belief, the defendants did not use ordinary care, which included their regular practice of closing the pool after "shock" treatments and waiting until the chemical levels were safe before allowing patrons to use the pool.

13.     On information and belief, the defendants did not warn of the non-obvious danger, known to the defendants, that the swimming pool contained unsafe and hazardous levels of chlorine and other chemicals.

14.     On information and belief, the defendants did not make reasonable inspections in order to discover whether their guests were using the swimming pool during times when the levels of chlorine or other chemicals were at unsafe or dangerous levels.

15.     Due to the exposure of high levels of chemicals in the defendant's swimming pool, all five plaintiffs sustained various injuries of varying degrees. These injuries include, but

are not limited to, chemical skin burns, chest discomfort, breathing difficulty, red and sore eyes and asthma.

16.    As a direct and proximate cause of this incident, plaintiffs have accrued significant medical expenses, and certain plaintiffs will continue to accrue medical expenses. Furthermore, plaintiffs were temporarily incapacitated and prevented from participating in their usual activities for a substantial period of time, and have suffered varying degrees of emotional injuries.

## COUNT I
## JULIA HEAVERN, PPA DENISE AND PAUL HEAVERN V. COURTYARD MARRIOTT NEGLIGENCE

17.    Plaintiff, Julia Heavern, PPA Denise Heavern adopts by reference all of the allegations above, each inclusive, as though fully set forth herein.

18.    As a direct and proximate result of the negligence of the defendant, the plaintiff Julia Heavern suffered personal injuries, including, but not limited to, 1st degree burns, acute breathing difficulty, and transient skin reaction.

WHEREFORE, plaintiff, Julia Heavern, PPA Denise Heavern, demands judgment against the defendant, Courtyard Marriott, in an amount to be determined at trial, together with interest and costs and such other relief as this Honorable Court may deem necessary.

## COUNT II
## NICOLE HEAVERN, PPA DENISE AND PAUL HEAVERN V. COURTYARD MARRIOTT NEGLIGENCE

19.    Plaintiff, Nicole Heavern, PPA Denise Heavern adopts by reference all of the allegations above, each inclusive, as though fully set forth herein.

20.    As a direct and proximate result of the negligence of the defendant, the plaintiff Nicole Heavern suffered personal injuries, including, but not limited to acute difficulty breathing and nausea, burning skin, peeling skin, continuing chapped skin above her upper lip, enduring difficulty breathing, mild rash, transient skin reaction, and mild Reactive Airways Disease (asthma).

WHEREFORE, plaintiff, Nicole Heavern, PPA Denise Heavern, demands judgment against the defendant, Courtyard Marriott, in an amount to be determined at trial, together with interest and costs and such other relief as this Honorable Court may deem necessary.

## COUNT III
### KERIN MITCHELL, PPA ELLEN AND JIM MITCHELL, V. COURTYARD MARRIOTT NEGLIGENCE

21.    Plaintiff, Kerin Mitchell, PPA Kathy Vieira, adopts by reference all of the allegations above, each inclusive, as though fully set forth herein.

22,    As a direct and proximate result of the negligence of the defendant, the plaintiff Kerin Mitchell suffered personal injuries, including, but not limited to facial burns, breathing difficulty, sore throat, significant skin reaction for several weeks, and emotional trauma.

WHEREFORE, plaintiff, Kerin Mitchell, PPA Ellen Mitchell, demands judgment against the defendant, Courtyard Marriott, in an amount to be determined at trial, together with interest and costs and such other relief as this Honorable Court may deem necessary.

## COUNT IV
### TAYLOR VIEIRA, PPA KATHY STEVE VIERA, V. COURTYARD MARRIOTT NEGLIGENCE

23.    Plaintiff, Taylor Vieira, PPA Kathy Vieira, adopts by reference all of the allegations above, each inclusive, as though fully set forth herein.

24.    As a direct and proximate result of the negligence of the defendant, the plaintiff Taylor Vieira suffered personal injuries, including, but not limited to facial burns, breathing difficulty, sore throat, significant skin reaction for several weeks, and emotional trauma.

WHEREFORE, plaintiff, Taylor Vieira, PPA Kathy Vieira, demands judgment against the defendant, Courtyard Marriott, in an amount to be determined at trial, together with interest and costs and such other relief as this Honorable Court may deem necessary.

## COUNT V
### BRYAN VIEIRA, PPA KATHY AND STEVE VIERA, V. COURTYARD MARRIOTT NEGLIGENCE

25.    Plaintiff, Bryan Vieira, PPA Kathy Vieira, adopts by reference all of the allegations above, each inclusive, as though fully set forth herein.

26.    As a direct and proximate result of the negligence of the defendant, the plaintiff Bryan Vieira suffered personal injuries, including, but not limited to facial burns, breathing difficulty, sore throat, enduring red and irritated eyes, skin burns, skin irritation for weeks following the incident and exacerbation of pre-existing asthma as well as emotional injuries.

WHEREFORE, plaintiff, Bryan Vieira, PPA Kathy Vieira, demands judgment against the defendant, Courtyard Marriott, in an amount to be determined at trial, together with interest and costs and such other relief as this Honorable Court may deem necessary.

### COUNT VI
### JULIA HEAVERN, ET AL., V ZURICH NORTH AMERICA
### VIOLATION OF M.G.L. c. 93A and
### M.G.L. CHAPTER 176D, SECTION 3(9)(f)

27.     Plaintiffs adopt by reference all of the allegations above, each inclusive, as though fully set forth within.

28.     At all times references herein, defendants and insurance coverage through Zurich North America ("Zurich").

29.     After unsuccessful attempts to resolve the matter over the phone, on June 21, 2004, each plaintiff sent Zurich a demand for settlement.

30.     The defendants failed to respond to this demand letter within 30 days.

31.     The defendant has failed to make a fair and equitable offer of settlement in response to said demands for relief.

32.     The defendant's failure to make such an offer is a violation of G.L. c. 176D, §3(9) (f) in that said defendant failed to effectuate a prompt, fair and equitable settlement of a claim in which liability has become reasonably clear.

33.     The defendant's failure to effectuate such a settlement is an unfair and deceptive trade act or practice within the meaning of G.L. c. 93A § 2.

34.     The defendant is liable to the plaintiff for the plaintiff's actual damages and for punitive damages up to three times the actual damages, plus interest, costs and attorney's fees.

**Wherefore**, the plaintiffs demand judgment against the defendant in an amount to be determined at trial, including treble damages, together with interest, costs and such other relief as this Honorable Court deems necessary and proper.

PLAINTIFFS RESERVE THE RIGHT TO A JURY TRIAL ALL COUNTS
CONTAINED WITHIN THIS COMPLAINT

Respectfully submitted by the Plaintiffs,
By their Attorney,

Garrett Bradley, Esquire BBO # 629240
THORNTON & NAUMES, LLP
100 Summer Street, 30th Floor
Boston, MA 02110
(617) 730-1333

Dated: March _10_, 2005

JUN - 2 2005

PLYMOUTH SUPERIOR COURT

**COMMONWEALTH OF MASSACHUSETTS**

**PLYMOUTH, ss.**

**SUPERIOR COURT**
**CIVIL ACTION NO. PLCV 2005-00287-B**

|  |  |
|---|---|
| JULIA HEAVERN, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| MARRIOTT INTERNATIONAL, INC. | ) |
| and ZURICH NORTH AMERICA, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

TO:    Clerk for Civil Business
       Plymouth Superior Court
       Court Street
       Plymouth, MA 02360

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §1446(d), the Defendant Zurich

North America ("Defendant" or "Zurich")[1], hereby gives notice that, in accordance with 28

U.S.C. §1441, it filed a Notice of Removal of this action from the Plymouth County Superior

Court to the United States District Court for the District of Massachusetts based upon the fact that

the United States District Court for the District of Massachusetts has original jurisdiction over this

matter.

---

[1] The Plaintiff has misnamed the Defendant in its Complaint. The Defendant's proper name is "Zurich American Insurance Company."

**ZURICH AMERICAN INSURANCE COMPANY,**
By its Attorneys,


Peter G. Hermes, BBO. No. 231840
Gina A. Fonte, BBO No. 642367
HERMES, NETBURN, O'CONNOR &
SPEARING, P.C.
111 Devonshire Street, 8th Floor
Boston, MA 02110
(617) 728-0050
(617) 728-0052 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June, 2005, I served on counsel of record the above notice by mailing a copy thereof, postage prepaid, to:

Garrett Bradley, Esquire
THORNTON & NAUMES, LLP
1000 Summer Street, 30th Floor
Boston, MA 02110

Anthony Campo, Esq.
Boyle, Morrisey & Campo
25 Stuart Street
Boston, MA 02116

Gina A. Fonte

A TRUE COPY ATTEST
CLERK

2

**RECEIVED**

JUN - 2 2005

PLYMOUTH SUPERIOR COURT

# HERMES, NETBURN, O'CONNOR & SPEARING, P.C.

ATTORNEYS AT LAW
111 DEVONSHIRE STREET, EIGHTH FLOOR
BOSTON, MASSACHUSETTS 02109
TELEPHONE (617) 728-0050
TELECOPIER (617) 728-0052

PETER G. HERMES
PETER C. NETBURN
KEVIN J. O'CONNOR
SCOTT S. SPEARING
GINA A. FONTE
JOHN R. FELICE
MICHAEL S. BATSON
RYAN T. KILLMAN

DIRECT DIAL NUMBER

(617) 210-7755

June 1, 2005

Clerk for Civil Business
United States District Court for the
District of Massachusetts
1 Courthouse Way
Boston, Massachusetts 02210

**RE: Julia Heavern, et al. v. Zurich North America**

Dear Sir/Madam:

Enclosed for filing are the following documents:

1. Civil Cover Sheet;
2. Category Sheet;
3. Notice of Removal, with attachments; and
4. Filing Fee of $250.00.

Should you have any questions regarding the enclosed, please do not hesitate to contact me. Thank you for your assistance.

Very truly yours,

Gina A. Fonte

GAF:pmv
Enclosures
cc: ✓ Garrett J. Bradley, Esquire (with enclosure)
    Anthony M. Campo, Esquire (with enclosure)
G:\DOCS\PGH\claims\zurich\Heavern\Letters\Federal Clerk NOR.doc

JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)   PLAINTIFFS | DEFENDANTS |
|---|---|
| Heavern, Julia | Zurich North America; Marriott International, Inc. |

| (b) County of Residence of First Listed Plaintiff    Plymouth | County of Residence of First Listed Defendant    n/a |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c) Attorney's (Firm Name, Address, and Telephone Number)  Garrett Bradley, Thornton & Naumes, LLP 100 Summer Street, 30th Fl. Boston, MA 02110 (617) 730-1333 | Attorneys (If Known)  See Attachment |
|---|---|

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1   U.S. Government Plaintiff

☐ 3   Federal Question
(U.S. Government Not a Party)

☒ 2   U.S. Government Defendant

☒ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332

Brief description of cause:
Negligence; M.G.L. c. 93A/176D Section 3(9)(F)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
6 / 1 /05

SIGNATURE OF ATTORNEY OF RECORD   Peter G. Hermes

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## **ATTACHMENT**

### **Counsel For The Defendants**

#### I. **Counsel For Zurich American Insurance Company**

Peter G. Hermes,
HERMES, NETBURN, O'CONNOR,
& SPEARING, P.C.
111 Devonshire Street, Eighth Floor
Boston, MA 02109-5407
(617)   728-0050 – Tel.
(617)   728-0052 – Fax

Gina A. Fonte, BBO No. 642367
HERMES, NETBURN, O'CONNOR
& SPEARING, P.C.
111 Devonshire Street, Eighth Floor
Boston, MA 02109
(617) 728-0050 – Tel.
(617) 728-0052 – Fax

#### II. **Counsel For Marriott International Inc.**

Anthony Campo, Esq.
Boyle, Morrisey & Campo
25 Stuart Street
Boston, MA 02116



A TRUE COPY ATTEST

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)____ Heavern, Julia v. Zurich North America

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

| | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. |
| | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121 |
| | | 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases |
| X | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, |
| | | 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, |
| | | 380, 385, 450, 891. |
| | IV. | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, |
| | | 690, 810, 861-865, 870, 871, 875, 900. |
| | V. | 150, 152, 153. |

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    n/a

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                                    YES [ ]        NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

                                                                    YES [ ]        NO [X]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                                    YES [ ]        NO [X]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                    YES [ ]        NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                                    YES [X]        NO [ ]

        A.    If yes, in which division do all of the non-governmental parties reside?

            Eastern Division    [X]        Central Division    [ ]            Western Division    [ ]

        B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

            Eastern Division    [X]        Central Division    [ ]            Western Division    [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)

                                                                    YES [ ]        NO [X]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME __ Peter G. Hermes; Gina A. Fonte

ADDRESS __ 111 Devonshire Street, 8th Floor, Boston, MA    02109

TELEPHONE NO. __ (617) 728-0050

A TRUE COPY ATTEST

[signature] France R. Fowen
CLERK

(CategoryForm.wpd  - 5/2/05)

RECEIVED

JUN - 2 2005

PLYMOUTH SUPERIOR COURT

# HERMES, NETBURN, O'CONNOR & SPEARING, P.C.

ATTORNEYS AT LAW
111 DEVONSHIRE STREET, EIGHTH FLOOR
BOSTON, MASSACHUSETTS 02109
TELEPHONE (617) 728-0050
TELECOPIER (617) 728-0052

PETER G. HERMES
PETER C. NETBURN
KEVIN J. O'CONNOR
SCOTT S. SPEARING
GINA A. FONTE
JOHN R. FELICE
MICHAEL S. BATSON
RYAN T. KILLMAN

DIRECT DIAL NUMBER

(617) 210-7755

June 1, 2005

Clerk for Civil Business
Plymouth Superior Court
Court Street
Plymouth, MA  02360

> **RE:    Julia Heavern, et al. v. Zurich North America,**
> **C.A. No.:  2005-00287-B**

Dear Sir/Madam:

Enclosed for filing is the Defendant, Zurich North America's *Notice of Removal.*

Please prepare certified copies of all pleadings so that I may forward them to the United States District Court for the District of Massachusetts. If there is a charge for such pleadings, please contact me upon receipt of this letter so that I may forward a check in the appropriate amount.

Thank you for your assistance.

Very truly yours,

Gina A. Fonte

GAF
Enclosure
cc:    Garrett J. Bradley, Esquire (with enclosure)
       Anthony M. Campo, Esquire (with enclosure)
G:\DOCS\PGH\clients\zurich\Heavern\Letters\State Clerk NOR.doc

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT
C.A. NO.:

|  |  |
|---|---|
| Julia Heavern, by her parents and next friends, Denise and Paul Heavern, Nicole Heavern, by her parents and next friends, Denise and Paul Heavern, Kerin Mitchell, by her parents and next friends, Ellen and Jim Mitchell, Taylor Vieira, by her parents and next friend, Kathy and Steve Vieira, and Brian Vieira, by his parents and next friends, Kathy and Steve Vieira, |  |
| Plaintiffs, | **COMPLAINT AND JURY CLAIM** |
| v. |  |
| Marriott International, Inc., And Zurich North America Defendants. |  |

## PARTIES

1.     Plaintiff, Julia Heavern, is a minor represented by her parents and next friends, Denise and Paul Heavern who resides at 7 Glover Avenue, Hull, Massachusetts.

2.     Plaintiff, Nicole Heavern, is a minor represented by her parents and next friends, Denise and Paul Heavern who resides at 7 Glover Avenue, Hull, Massachusetts.

3.     Plaintiff, Kerin Mitchell, is a minor represented by her parents and next friends, Ellen and Jim Mitchell, who resides at 34 Nantasket Avenue, Hull, Massachusetts.

4.     Plaintiff, Taylor Vieira, is a minor represented by his parents and next friends, Kathy and Steve Vieira, who resides at 51 Warfield Avenue, Hull, Massachusetts.

5.     Plaintiff, Bryan Vieira, is a minor represented by his parents and next friends, Kathy and Steve Vieira, who resides at 51 Warfield Avenue, Hull, Massachusetts.

#1,260.00 Caty fee + 5 summonses
T.O. sent

6.     Defendant, Marriott International, Inc. (hereinafter "Marriott" or "Courtyard Marriott", is a corporation with a principle place of business at 10400 Fernwood Road, Department 862, Bethesda, Maryland.

7.     Defendant, Zurich North America (hereinafter "Zurich") is a corporation with a principle place of business at 1400 American Lane, Schaumburg, Illinois.

## JURISDICTION

7.     The plaintiffs' cause of action arises from the defendant's (1) transacting business in Massachusetts; (2) contracting to supply and/or sell goods in Massachusetts; (3) doing or causing a tortuous act to be done in Massachusetts; and/or (4) causing the consequence of a tortuous act to occur within Massachusetts, and the defendants do, or solicit business, or engage in a persistent course of conduct or derive substantial revenue from the sale of goods in Massachusetts.

## FACTS

8.     On or about March 15, 2003, the plaintiffs were guests at the Courtyard, Marriott in Concord, New Hampshire.

9.     On or about March 15, 2003, the plaintiffs spent approximately six hours swimming in the Courtyard Marriott's indoor swimming pool.

10.    On information and belief, on the morning of said date, the defendant had "shocked" the swimming pool with excessive amounts of chlorine or other chemicals.

11.    On information and belief, on this date, defendants posted no warnings that the pool had excessive or hazardous amounts of chlorine or other chemicals, nor did the defendants prevent guests from using the swimming pool.

12.    On information and belief, the defendants did not use ordinary care, which included their regular practice of closing the pool after "shock" treatments and waiting until the chemical levels were safe before allowing patrons to use the pool.

13.    On information and belief, the defendants did not warn of the non-obvious danger, known to the defendants, that the swimming pool contained unsafe and hazardous levels of chlorine and other chemicals.

14.    On information and belief, the defendants did not make reasonable inspections in order to discover whether their guests were using the swimming pool during times when the levels of chlorine or other chemicals were at unsafe or dangerous levels.

15.    Due to the exposure of high levels of chemicals in the defendant's swimming pool, all five plaintiffs sustained various injuries of varying degrees. These injuries include, but

are not limited to, chemical skin burns, chest discomfort, breathing difficulty, red and sore eyes and asthma.

16.    As a direct and proximate cause of this incident, plaintiffs have accrued significant medical expenses, and certain plaintiffs will continue to accrue medical expenses. Furthermore, plaintiffs were temporarily incapacitated and prevented from participating in their usual activities for a substantial period of time, and have suffered varying degrees of emotional injuries.

## COUNT I
## JULIA HEAVERN, PPA DENISE AND PAUL HEAVERN V. COURTYARD MARRIOTT NEGLIGENCE

17.    Plaintiff, Julia Heavern, PPA Denise Heavern adopts by reference all of the allegations above, each inclusive, as though fully set forth herein.

18.    As a direct and proximate result of the negligence of the defendant, the plaintiff Julia Heavern suffered personal injuries, including, but not limited to, 1st degree burns, acute breathing difficulty, and transient skin reaction.

WHEREFORE, plaintiff, Julia Heavern, PPA Denise Heavern, demands judgment against the defendant, Courtyard Marriott, in an amount to be determined at trial, together with interest and costs and such other relief as this Honorable Court may deem necessary.

## COUNT II
## NICOLE HEAVERN, PPA DENISE AND PAUL HEAVERN V. COURTYARD MARRIOTT NEGLIGENCE

19.    Plaintiff, Nicole Heavern, PPA Denise Heavern adopts by reference all of the allegations above, each inclusive, as though fully set forth herein.

20.    As a direct and proximate result of the negligence of the defendant, the plaintiff Nicole Heavern suffered personal injuries, including, but not limited to acute difficulty breathing and nausea, burning skin, peeling skin, continuing chapped skin above her upper lip, enduring difficulty breathing, mild rash, transient skin reaction, and mild Reactive Airways Disease (asthma).

WHEREFORE, plaintiff, Nicole Heavern, PPA Denise Heavern, demands judgment against the defendant, Courtyard Marriott, in an amount to be determined at trial, together with interest and costs and such other relief as this Honorable Court may deem necessary.

## COUNT III
## KERIN MITCHELL, PPA ELLEN AND JIM MITCHELL V. COURTYARD MARRIOTT NEGLIGENCE

21. Plaintiff, Kerin Mitchell, PPA Kathy Vieira, adopts by reference all of the allegations above, each inclusive, as though fully set forth herein.

22. As a direct and proximate result of the negligence of the defendant, the plaintiff Kerin Mitchell suffered personal injuries, including, but not limited to facial burns, breathing difficulty, sore throat, significant skin reaction for several weeks, and emotional trauma.

WHEREFORE, plaintiff, Kerin Mitchell, PPA Ellen Mitchell, demands judgment against the defendant, Courtyard Marriott, in an amount to be determined at trial, together with interest and costs and such other relief as this Honorable Court may deem necessary.

## COUNT IV
## TAYLOR VIEIRA, PPA KATHY STEVE VIERA V. COURTYARD MARRIOTT NEGLIGENCE

23. Plaintiff, Taylor Vieira, PPA Kathy Vieira, adopts by reference all of the allegations above, each inclusive, as though fully set forth herein.

24. As a direct and proximate result of the negligence of the defendant, the plaintiff Taylor Vieira suffered personal injuries, including, but not limited to facial burns, breathing difficulty, sore throat, significant skin reaction for several weeks, and emotional trauma.

WHEREFORE, plaintiff, Taylor Vieira, PPA Kathy Vieira, demands judgment against the defendant, Courtyard Marriott, in an amount to be determined at trial, together with interest and costs and such other relief as this Honorable Court may deem necessary.

## COUNT V
## BRYAN VIEIRA, PPA KATHY AND STEVE VIERA V. COURTYARD MARRIOTT NEGLIGENCE

25. Plaintiff, Bryan Vieira, PPA Kathy Vieira, adopts by reference all of the allegations above, each inclusive, as though fully set forth herein.

26. As a direct and proximate result of the negligence of the defendant, the plaintiff Bryan Vieira suffered personal injuries, including, but not limited to facial burns, breathing difficulty, sore throat, enduring red and irritated eyes, skin burns, skin irritation for weeks following the incident and exacerbation of pre-existing asthma as well as emotional injuries.

WHEREFORE, plaintiff, Bryan Vieira, PPA Kathy Vieira, demands judgment against the defendant, Courtyard Marriott, in an amount to be determined at trial, together with interest and costs and such other relief as this Honorable Court may deem necessary.

## COUNT VI
## JULIA HEAVERN, ET AL., V ZURICH NORTH AMERICA
## VIOLATION OF M.G.L. c. 93A and
## M.G.L. CHAPTER 176D, SECTION 3(9)(f)

27.    Plaintiffs adopt by reference all of the allegations above, each inclusive, as though fully set forth within.

28.    At all times references herein, defendants and insurance coverage through Zurich North America ("Zurich").

29.    After unsuccessful attempts to resolve the matter over the phone, on June 21, 2004, each plaintiff sent Zurich a demand for settlement.

30.    The defendants failed to respond to this demand letter within 30 days.

31.    · The defendant has failed to make a fair and equitable offer of settlement in response to said demands for relief.

32.    The defendant's failure to make such an offer is a violation of G.L. c. 176D, §3(9) (f) in that said defendant failed to effectuate a prompt, fair and equitable settlement of a claim in which liability has become reasonably clear.

33.    The defendant's failure to effectuate such a settlement is an unfair and deceptive trade act or practice within the meaning of G.L. c. 93A § 2.

34.    The defendant is liable to the plaintiff for the plaintiff's actual damages and for punitive damages up to three times the actual damages, plus interest, costs and attorney's fees.

**Wherefore**, the plaintiffs demand judgment against the defendant in an amount to be determined at trial, including treble damages, together with interest, costs and such other relief as this Honorable Court deems necessary and proper.

## PLAINTIFFS RESERVE THE RIGHT TO A JURY TRIAL ALL COUNTS
## CONTAINED WITHIN THIS COMPLAINT

Respectfully submitted by the Plaintiffs,
By their Attorney,

Garrett Bradley, Esquire BBO # 629240
THORNTON & NAUMES, LLP
100 Summer Street, 30th Floor
Boston, MA 02110
(617) 730-1333

Dated: March 7 2005

A TRUE COPY ATTEST

CLERK

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County:Plymouth |
|---|---|---|

| PLAINTIFF(S) Julia Heavern, et al. | DEFENDANT(S) Marriott International, Inc., et al |
|---|---|

| ATTORNEY, FIRM, ADDRESS AND TELEPHONE (617) 720-1333 Allyson S. Hauck, Esquire Garret J. Bradley, Esquire THORNTON & NAUMES, LLP 100 Summer St., 30th Fl., Boston, MA 02110 Board of Bar Overseers number: 659547 and 629240 | ATTORNEY (if known) |
|---|---|

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY
FILED

MAR 1 1 2005

**Origin code and track designation**

Place and x in one box only:

☒ 1.FO1 Original Complaint

☐ 2.FO2 Removal to Sup.Ct. C.231, s.104 (Before trial) (F)

☐ 3.FO3 Retransfer to Sup.Ct.C.231,s.102C(X)

☐ 4.F04 District Court Appeal c.231,s.97 & 104 (After trial) (X)

☐ 5.F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P.60) (X)

☐ 6.E10 Summary Process Appeal (X)

CLERK

**TYPE OF ACTION AND TRACK DESIGNATION (See Reverse Side)**

CODE NO.    TYPE OF ACTION (specify)    TRACK    IS THIS A JURY CASE?

B04    Personal Injury    (F)    (X) Yes    ( ) No

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

**TORT CLAIMS**

(Attach additional sheets as necessary)

A. Documented medical expenses to date:

1. Total hospital expenses .................................................. $ 5,0000.00
2. Total Doctor expenses .................................................. $ 700.00
3. Total chiropractic expenses ............................................ $ .......
4. Total physical therapy expenses ....................................... $ .......
5. Total other expenses (describe) ....................................... $ .......

Subtotal $. 5,700.00.

B. Documented lost wages and compensation to date ........................... $. .........

C. Documented property damages to date ..................................... $ .........

D. Reasonably anticipated future medical and hospital expenses .............. $ .125,000.00

E. Reasonably anticipated lost wages ....................................... $ ..........

F. Other documented items of damages (describe)

$.............

G. Brief description of plaintiff's injury, including nature and extent of injury (describe): Five minor Plaintiffs were exposed to dangerouse levelas of chemicals at Defendant's hotel pool. All experienced severe facial burns, trouble breathing and skin rash. Some of the children had experienced severe eye irritation. One of the children had exaerbation of asthma for 1 to 2 months following the exposure. Another child was put on an inhalerand continues to use this inhaler to date. Another child developed mild Reactive Airway Disease. As a result of the exposure, all children experienced some level of emotional trauma.

TOTAL $..130,000.00

**CONTRACT CLAIMS**

(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIORTOTAL COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record

DATE: March 10 2005

CLERK

# Commonwealth of Massachusetts
## County of Plymouth
## The Superior Court



CIVIL DOCKET# **PLCV2005-00287-B**

RE:   **Heavern, ppa; by her parents & next friends Denise & Paul Heaven et al v Marriott International, Inc. et al**

TO:Garrett J Bradley, Esquire
Thornton & Naumes
100 Summer Street
30th floor
Boston, MA 02110

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

|        STAGES OF LITIGATION        | DEADLINE |
|------------------------------------|----------|
| Service of process made and return filed with the Court | 06/09/2005 |
| Response to the complaint filed (also see MRCP 12) | 08/08/2005 |
| All motions under MRCP 12, 19, and 20 filed | 08/08/2005 |
| All motions under MRCP 15 filed | 08/08/2005 |
| All discovery requests and depositions completed | 01/05/2006 |
| All motions under MRCP 56 served and heard | 02/04/2006 |
| Final pre-trial conference held and firm trial date set | 03/06/2006 |
| Case disposed | 05/05/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**.  You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session **B** sitting in **CtRm 1 (Court Street, Plymouth) at Plymouth Superior Court.**

Dated: 03/11/2005

Francis R. Powers
Clerk of the Courts

BY: Adam Baler
Assistant Clerk

Location: CtRm 1 (Court Street, Plymouth)
Telephone: (508) 747-6911

**Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130**

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtracf_2.wpd 448350 inidoc01 campbell

A TRUE COPY ATTEST

CLERK

TRIAL COURT OF THE COMMONWEALTH
CIVIL ACTION NO. PLCV2005-00287-B

Julia Heavern, by her parents and next
Friends, Denise and Paul Heavern,
Nicole Heavern, by her parents and
Next friend Denise and Paul Heavern,
Kerin Mitchel, by her parents and
Next friends, Ellen and Jim Mitchell,
Taylor Vieira, by her parents and
Next friend, Kathy and Steve Vieira,        , Plaintiff(s)
And Brian Vieira, by his parents and
Next friends, Kathy and Steve Vieira

vs.

Marriott International, Inc., et al.,  Defendant(s)

RECEIVED

APR 1 9 2005

PLYMOUTH SUPERIOR COURT

## SUMMONS

To the above-named defendant: Prentice-Hall Corporation, Agent For Marriott International, Inc.
84 State Street, Suffolk County, Boston, MA 02109
    You are hereby summoned and required to serve upon Allyson S. Hauck, Esq. plaintiff
attorney, whose address is 100 Summer St., 30th Flr., Boston, MA 02110 an answer to the complaint (617) 720-1333
which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day
service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at
Plymouth either before service upon plaintiff attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff     which arises out of the transaction or occurrence that is the subject
matter of the plaintiff     claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esq. at the .......... 31st ..................... day of

March .................. of our Lord Two thousand and ..... Five ..... .

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

APR 1 9 2005

Francis R. Powers
CLERK

## NOTES
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption.
    If a separate summons is used for each defendant, each should be addressed to the particular
    defendant.
3.  To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-
    Equitable Relief-Other.

### PROOF OF SERVICE OF PROCESS
I hereby certify and return that on ............................................, 2004, I served a copy of the within summons
together with a copy with a copy of the complaint in this action, upon the within-named defendant     , in the
following manner (See Mass. R. Civ. P. 4(d)(1-5)):..................................................................................

Dated:              , 2004.............................................................................................

N.B.    TO PROCESS SERVER:-
    PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL
AND ON COPY SERVED ON DEFENDANT.

|  | 2004 |
|---|---|

A TRUE COPY ATTEST


copy of your written answer within 20 days as space

5/19/05

# COMMONWEALTH OF MASSACHUSETTS

**PLYMOUTH, ss**

**SUPERIOR COURT**
**CIVIL ACTION NO. PLCV 2005-00287-B**

```
                                          )
Julia Heavern, et al.,                    )
                                          )
        Plaintiffs,                       )
                                          )
v.                                        )
                                          )
Marriott International, Inc.,             )
And Zurich North America                 )
                                          )
        Defendants.                       )
                                          )
```

## NOTICE OF APPEARANCE

TO THE CLERK OF THE ABOVE-NAMED COURT:

Please enter the appearance of **Peter G. Hermes** and **Gina A. Fonte** as counsel for the

defendant, Zurich North America, in the above-referenced matter.



Peter G. Hermes,  BBO No. 231840
HERMES, NETBURN, O'CONNOR,
    & SPEARING, P.C.
111 Devonshire Street, Eighth Floor
Boston, MA 02109-5407
(617)  728-0050 – Tel.
(617)  728-0052 – Fax

Gina A. Fonte, BBO No. 642367
HERMES, NETBURN, O'CONNOR
    & SPEARING, P.C.
111 Devonshire Street, Eighth Floor
Boston, MA 02109
(617) 728-0050 -- Tel.
(617) 728-0052 -- Fax

Dated: May 18th, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May, 2005, I served the foregoing document by first class mail, postage prepaid, upon the following counsel of record:

Garrett J. Bradley, Esq.
100 Summer Street, 30th Floor
Boston, MA 02110

Gina A. Fonte

G:\DOCS\PGH\clients\zurich\Heaven\Pleadings\Appearance.doc

A TRUE COPY ATTEST

CLERK

2

**COMMONWEALTH OF MASSACHUSETTS**

SUPERIOR COURT DEPARTMENT OF THE

PLYMOUTH, ss.

Julia Heavern, by her parents and next
Friends, Denise and Paul Heavern,
Nicole Heavern, by her parents and
Next friend Denise and Paul Heavern,
Kerin Mitchel, by her parents and
Next friends, Ellen and Jim Mitchell,
Taylor Vieira, by her parents and
Next friend, Kathy and Steve Vieira,
And Brian Vieira, by his parents and
Next friends, Kathy and Steve Vieira

TRIAL COURT OF THE COMMONWEALTH

CIVIL ACTION

NO.   $PLCV 2005 - 00287 - B$

............................, Plaintiff(s)

**vs.**

Marriott International, Inc., and
Zurich North America,........................................, Defendant(s)

**FOREIGN**

```
8013-1.4.1 05/06/05 14:17
CASE      # 05  000287
FOREIGN WRIT                  23.00
1 MILEAGE                     12.90
REF SHERIFF # 514593
CASE TOTAL                    35.90 *
                 TOTAL        35.90 TL
CHECK I                       35.90
```

**SUMMONS**

To the above-named defendant   : Person In Charge of Business for Zurich North America,
1400 American Lane, Schaumburg, Cook County, Illinois.   Garrett J. Bradley, Esquire
You are hereby summoned and required to serve upon ........................... MA 02110
plaintiff   attorney, whose address is 100 Summer St., 30th Flr. Boston. and answer to the
complaint which is herewith served upon you, within 20 days aft
exclusive of the day of service. If you fail to do so, judgment by
the relief demanded in the complaint. You are also required to fi
office of the Clerk of this court at Brockton either before service
reasonable time thereafter.

MICHAEL F. SHEAHAN
SHERIFF OF COOK COUNTY
MUNICIPAL DIVISION

Unless otherwise provided by Rule 13(a), your answer must s
you may have against the plaintiff   which arises out of the transa
matter of the plaintiff   claim or you will thereafter be barred from

Witness Barbara J. Rouse   Esquire, at Plymouth the
May ...................................., in the year of our Lord one thousand

```
8008013-1.4.1 05/06/05 14:17
REF CASE     # 05  000287
1 FOREIGN WRIT                23.00
1 MILEAGE                     12.90
REF SHERIFF # 514593
CASE TOTAL                    35.90 *
                 TOTAL        35.90 TL
CHECK I                       35.90
CASHIER: MARYANN
```

### NOTES

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. To plaintiff's attorney: please circle type of action involved — Tort — Motor Vehicle Tort — Contract — Equitable Relief — Other.

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ................................................................, 19 ....., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant   , in the following manner (See Mass. R. Civ. P. 4 (d) (1-5): ............................

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

MAY 2 4 2005

Dated: ........................., 19

N. B.   TO PROCESS SERVER —
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON
THE ORIGINAL AND ON COPY SERVED ON DEFENDANT

................................................, 19   .

CLERK

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office at Brockton.

FORM 1 RP 5M

SHERIFF'S NUMBER 514593-001D CASE NUMBER PLCV20050028 DEPUTY: _Greer 4965_

FILED DT 05-05-2005 RECEIVED DT 05-06-2005 DIE DT 05-20-2005 MULTIPLE SERVICE    1
    DEFENDANT                                    ATTORNEY
ZURICH NORTH AMERICA                            THORNTON & NAUMES
1400    AMERICAN LN                             100 SUMMIT ST
SCHAUMBURG IL. 60173                            BOSTON MA. 00000

**FOREIGN**

PLAINTIFF PLYMOUTH

SERVICE INFORMATION: LR C/O GARRETT J BRADLEY

********************************************************************************
(A)  I CERTIFY THAT I SERVED THIS SUMMONS ON THE DEFENDANT AS FOLLOWS:

.....1 PERSONAL SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE
       NAMED DEFENDANT PERSONALLY.
.....2 SUBSTITUTE SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND A COPY OF THE COMPLAINT
       AT THE DEFENDANT'S USUAL PLACE  OF ABODE WITH SOME PERSON OF THE FAMILY OR A PERSON
       RESIDING THERE, OF THE AGE OF 13 YEARS OR UPWARDS, AND INFORMING THAT PERSON OF
       THE CONTENTS THEREOF. ALSO, A COPY OF THE SUMMONS WAS MAILED ON THE
       _____ DAY OF _____ 20___ , IN A SEALED ENVELOPE WITH POSTAGE FULLY
       PREPAID, ADDRESSED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE.
       SAID PARTY REFUSED NAME_____
..X.3 SERVICE ON:  CORPORATION _X_COMPANY___BUSINESS___PARTNERSHIP____
       BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT (OR INTERROGATORIES) WITH THE
       REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER  OF THE DEFENDANT.
.....4 CERTIFIED MAIL_____

(B)  MICHAEL F. SHEAHAN, SHERIFF, BY: _____ Irene 4965_, DEPUTY

    1  SEX _F_M/F    RACE _W_   AGE _33_
    2  NAME OF DEFENDANT ZURICH NORTH AMERICA
       WRIT SERVED ON _Cara Graycelle #16_

    THIS _12_ DAY OF _May_, 20_05_ TIME _10:40_A.M.P.M.

    ADDITIONAL REMARKS _____

********************************************************************************

THE NAMED DEFENDANT WAS NOT SERVED.

    TYPE OF BLDG _____off___                    ATTEMPTED SERVICES

NEIGHBORS NAME _____             DATE      TIME  A.M./P.M.

    ADDRESS _____               _5-12_   _10:40_ & 4965

            REASON NOT SERVED:                _____  __:__ ___
                        07 EMPLOYER REFUSAL
    01 MOVED            08 RETURNED BY ATTY     _____  __:__ ___
    02 NO CONTACT       09 DECEASED
    03 EMPTY LOT        10 BLDG DEMOLISHED      _____  __:__ ___
    04 NOT LISTED       11 NO REGISTERED AGT.
    05 WRONG ADDRESS    12 OTHER REASONS                  A TRUE COPY ATTEST
    06 NO SUCH ADDRESS  13 OUT OF COUNTY        _____  __:__ ___

                                               _____  __:__ ___    CLERK

FEE    .00    MILEAGE    .00    TOTAL    .00                        SG18

RECEIVED

MAY 3 1 2005

PLYMOUTH SUPERIOR COURT

## COMMONWEALTH OF MASSACHUSETTS

**PLYMOUTH, ss.**

**SUPERIOR COURT**
**CIVIL ACTION NO. PLCV 2005-00287-B**

)
JULIA HEAVERN, et al.                    )
                                          )
              Plaintiffs,                 )
                                          )
v.                                        )
                                          )
MARRIOTT INTERNATIONAL, INC.             )
and ZURICH NORTH AMERICA,                 )
                                          )
              Defendants.                 )
_____)

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

ANSWER
MAY 3 1 2005

Fin R Fours
CLERK

The Defendant, Zurich American Insurance Company incorrectly identified as Zurich

North American ("Zurich") answers the Plaintiffs' Complaint ("Complaint"), as follows:

## PARTIES

1.     Zurich is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 1 of the Complaint.

2.     Zurich is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 2 of the Complaint.

3.     Zurich is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 3 of the Complaint.

4.     Zurich is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 4 of the Complaint.

5.     Zurich is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 5 of the Complaint.

6.    Zurich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.    The Defendant, "Zurich American Insurance Company," incorrectly identified as "Zurich North America," admits that it is a corporation with a principal place of business at 1400 American Lane, Schaumburg, Illinois.

## JURISDICTION

7. [sic] Zurich admits that this court has personal jurisdiction over Zurich. Zurich denies the remaining allegations, characterizations and conclusions stated in Paragraph 7 [sic] of the Complaint.

## FACTS

8.    Zurich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.    Zurich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.    Zurich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.    Zurich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.    Zurich denies the allegations contained in Paragraph 12 of the Complaint.

13.    Zurich denies the allegations contained in Paragraph 13 of the Complaint.

14.    Zurich denies the allegations contained in Paragraph 14 of the Complaint.

15.    Zurich denies the allegations contained in Paragraph 15 of the Complaint.

16.    Zurich denies the allegations contained in Paragraph 16 of the Complaint.

2

## COUNT I
## JULIA HEAVERN, PPA DENISE AND PAUL HEAVERN V. COURTYARD MARRIOTT NEGLIGENCE

17.     Zurich incorporates herein by reference its Answers to Paragraphs 1 through 16 as if fully set forth herein.

18.     Zurich states that the allegations of Paragraph 18 are directed to another party and Zurich is not required to file a responsive Answer. To the extent an Answer is required, Zurich denies the allegations contained in Paragraph 18 of the Complaint.

## COUNT II
## NICOLE HEAVERN, PPA, DENISE AND PAUL HEAVERN V. COURTYARD MARRIOTT NEGLIGENCE

19.     Zurich incorporates herein by reference its Answers to Paragraphs 1 through 18 as if fully set forth herein.

20.     Zurich states that the allegations of Paragraph 20 are directed to another party and Zurich is not required to file a responsive Answer. To the extent an Answer is required, Zurich denies the allegations contained in Paragraph 20 of the Complaint.

## COUNT III
## KERIN MITCHELL, PPA ELLEN AND JIM MITCHELL V. COURTYARD MARRIOTT NEGLIGENCE

21.     Zurich incorporates herein by reference its Answers to Paragraphs 1 through 20, as if fully set forth herein.

22.     Zurich states that the allegations of Paragraph 22 are directed to another party and Zurich is not required to file a responsive Answer. To the extent an Answer is required, Zurich denies the allegations contained in Paragraph 22 of the Complaint.

3

## COUNT IV
## TAYLOR VIEIRA, PPA KATHY STEVEN VIERA V. COURTYARD MARRIOTT
### NEGLIGENCE

23.     Zurich incorporates herein by reference its Answers to Paragraphs 1 through 22 as

if fully set forth herein.

24.     Zurich states that the allegations of Paragraph 24 are directed to another party and

Zurich is not required to file a responsive Answer. To the extent an Answer is required, Zurich

denies the allegations contained in Paragraph 24 of the Complaint.

## COUNT V
## BRYAN VIEIRA, PPA KATHY AND STEVE VIERA V. COURTYARD MARRIOTT
### NEGLIGENCE

25.     Zurich incorporates herein by reference its Answers to Paragraphs 1 through 24, as

if fully set forth herein.

26.     Zurich states that the allegations of Paragraph 26 are directed to another party and

Zurich is not required to file a responsive Answer. To the extent an Answer is required, Zurich

denies the allegations contained in Paragraph 26 of the Complaint.

## COUNT VI
## JULIA HEAVERN, ET AL. V. ZURICH NORTH AMERICA
### VIOLATION OF M.G.L.c. 93A AND
### M.G.L. CHAPTER 176D, SECTION 3(9)(f)

27.     Zurich incorporates herein by reference its Answers to Paragraphs 1 through 26 as

if fully set forth herein.

28.     Zurich admits Defendant, Marriott International, Inc. had insurance coverage with

Zurich American Insurance Company under the Policy No. CPO 2867731-00 which was in effect

from December 1, 2002 through December 1, 2003

4

29.    Zurich admits that it received a letter dated June 21, 2004 from each of the

Plaintiffs.  Zurich denies the remaining allegations, characterizations and conclusions contained

in Paragraph 29.

30.    Zurich denies the allegations contained in Paragraph 30 of the Complaint.

31.    Zurich denies the allegations contained in Paragraph 31 of the Complaint.

32.    Zurich denies the allegations contained in Paragraph 32 of the Complaint.

33.    Zurich denies the allegations contained in Paragraph 33 of the Complaint.

34.    Zurich denies the allegations contained in Paragraph 34 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff has misnamed Zurich in this Complaint.  The Defendant's proper name is
"Zurich American Insurance Company."

### SECOND AFFIRMATIVE DEFENSE

Count VI of the Plaintiffs' Complaint should be dismissed under Rule 12(b)(6) because it
fails to state a claim against Zurich upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiffs are barred from asserting claims pursuant to M.G L. Chapter 93A because
the alleged written demand for relief fails to satisfy the requirements of M.G.L. Chapter 93A,
Section 9.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred from asserting claims pursuant to M.G.L. Chapter 93A because
the alleged written demand fails to make reference to Chapter 93A, as required by Section 9 of
M.G.L. Chapter 93A.

5

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred from asserting claims pursuant to M.G.L. Chapter 93A because the alleged written demand fails to make reference to the Consumer Protection Act, as required by Section 9 of M.G.L. Chapter 93A.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred from asserting claims pursuant to M.G.L. Chapter 93A because the alleged written demand failed to identify *what consumer rights* Zurich violated, as required by Section 9 of M.G.L. Chapter 93A.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred from asserting claims pursuant to M.G.L. Chapter 93A because the alleged written demand failed to assert that Zurich acted in an unfair and deceptive manner, as required by Section 9 of M.G.L. Chapter 93A.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred from asserting claims pursuant to M.G.L. Chapter 93A because the alleged written demand failed to assert that the Plaintiffs expect/demand a settlement offer within thirty (30), as required by Section 9 of M.G.L. Chapter 93A.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred from asserting claims pursuant to M.G.L. Chapter 93A because the alleged written demand failed to assert that the Plaintiffs would seek multiple damages and legal expenses should relief be denied, as required under Section 9 of M.G.L. Chapter 93A.

6

## TENTH AFFIRMATIVE DEFENSE

Count VI of the Plaintiffs' Complaint should be dismissed because, even if Zurich did not respond to the Plaintiffs' June 21, 2004 letters, the Plaintiffs' suffered no injury or damage as a result.

## ELEVENTH AFFIRMATIVE DEFENSE

Zurich did not violate M.G.L. c. 176D or any other Massachusetts statute or law in allegedly failing to make an offer of settlement because liability in this case is not reasonably clear.

## TWELFTH AFFIRMATIVE DEFENSE

Zurich did not violate M.G.L. c. 176D or any other Massachusetts statute or law in allegedly failing to make an offer of settlement because the damages in this case were not reasonably clear.

## THIRTEENTH AFFIRMATIVE DEFENSE

Zurich reserves the right to supplement the foregoing Affirmative Defenses to the extent allowed by law and to the extent that additional defenses are revealed during discovery.

**WHEREFORE**, Zurich requests that this Court:

(a)     dismiss Count VI of the Plaintiffs' Complaint against Zurich; and

(b)     grant such other and further relief as this Court deems appropriate.

7

**ZURICH AMERICAN INSURANCE COMPANY,**
By its Attorneys,

Peter G. Hermes, BBO. No. 231840
Gina A. Fonte, BBO No. 642367
HERMES, NETBURN, O'CONNOR &
SPEARING, P.C.
111 Devonshire Street, 8th Floor
Boston, MA 02110
(617) 728-0050
(617) 728-0052 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of May, 2005, I served the above notice on the Plaintiffs in the above-entitled action by mailing a copy thereof, postage prepaid, to counsel of record:

Garrett Bradley, Esquire
THORNTON & NAUMES, LLP
1000 Summer Street, 30th Floor
Boston, MA 02110

Anthony Campo, Esq.
Boyle, Morrisey & Campo
25 Stuart Street
Boston, MA 02116

Gina A. Fonte

G:\DOCS\PGH\clients\zurich\Heavern\Pleadings\Answer.doc

A TRUE COPY ATTEST
CLERK

8

RECEIVED

MAY 3 1 2005

PLYMOUTH SUPERIOR COURT

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

SUPERIOR COURT
C.A. NO.: PLCV2005-00287-B

JULIA HEAVERN, BY HER PARENTS AND          )
NEXT FRIENDS, DENISE AND PAUL HEAVERN,     )
NICOLE HEAVERN, BY HER PARENTS AND         )
NEXT FRIENDS, DENISE AND PAUL HEAVERN,     )
KERIN MITCHELL, BY HER PARENTS AND         )
NEXT FRIENDS, ELLEN AND JIM MITCHELL,      )
TAYLOR VIEIRA, BY HER PARENTS AND          )
NEXT FRIENDS, KATHY AND STEVE VIEIRA,      )
AND BRIAN VIEIRA, BY HIS PARENTS AND       )
NEXT FRIENDS, KATHY AND STEVE VIEIRA       )
    Plaintiffs                             )
                                           )
v.                                         )
                                           )
MARRIOTT INTERNATIONAL, INC. AND           )
ZURICH NORTH AMERICA                       )
    Defendants                             )



FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

MAY 3 1 2005

Bud R Foure
CLERK

**ANSWER AND JURY CLAIM OF THE DEFENDANT, MARRIOTT INTERNATIONAL,
INC., TO THE PLAINTIFFS' COMPLAINT**

FIRST DEFENSE

The Defendant, Marriott International, Inc., answers the separately numbered paragraphs of the Complaint as follows:

PARTIES

1.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4.    The defendant is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

6. The defendant denies the allegations contained in this paragraph.

7. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**JURISDICTION**

7. The defendant denies the allegations contained in this paragraph.

**FACTS**

8. The defendant denies the allegations contained in this paragraph.

9. The defendant denies the allegations contained in this paragraph.

10. The defendant denies the allegations contained in this paragraph.

11. The defendant denies the allegations contained in this paragraph.

12. The defendant denies the allegations contained in this paragraph.

13. The defendant denies the allegations contained in this paragraph.

14. The defendant denies the allegations contained in this

2

paragraph.

15.  The defendant denies the allegations contained in this paragraph.

16.  The defendant denies the allegations contained in this paragraph.

## COUNT I
## JULIA HEAVERN, PPA DENISE AND PAUL HEAVERN V. COURTYARD MARRIOTT
## NEGLIGENCE

17.  The defendant denies the allegations contained in this paragraph.

18.  The defendant denies the allegations contained in this paragraph.

## COUNT III
## NICOLE HEAVERN PPA DENISE AND PAUL HEAVERN V. COURTYARD MARRIOTT
## NEGLIGENCE

19.  The defendant denies the allegations contained in this paragraph.

20.  The defendant denies the allegations contained in this paragraph.

## COUNT III
## KERIN MITCHELL PPA ELLEN AND JIM MITCHELL V. COURTYARD MARRIOTT
## NEGLIGENCE

21.  The defendant denies the allegations contained in this paragraph.

22.  The defendant denies the allegations contained in this paragraph.

## COUNT IV
## TAYLOR VIEIRA, PPA KATHY STEVE VIEIRA V. COURTYARD MARRIOTT
## NEGLIGENCE

23.  The defendant denies the allegations contained in this paragraph.

3

24. The defendant denies the allegations contained in this
paragraph.

## COUNT V
### BRYAN VIEIRA, PPA KATHY AND STEVE VIEIRA V. COURTYARD MARRIOTT
### NEGLIGENCE

25. The defendant denies the allegations contained in this
paragraph.

26. The defendant denies the allegations contained in this
paragraph.

## COUNT VI
### JULIA HEAVERN, ET AL V. ZURICH NORTH AMERICA
### VIOLATION OF M.G.L. c. 93A and M.G.L CHAPTER 176D, SECTION
### 3(9)(f)

27. The defendant, Marriott International, Inc., makes no
answer to the allegations contained in this paragraph as they do
not purport to state a claim against the defendant, Marriott
International, Inc. To the extent that they do state a claim
against the defendant, they are hereby expressly denied.

28. The defendant, Marriott International, Inc., makes no
answer to the allegations contained in this paragraph as they do
not purport to state a claim against the defendant, Marriott
International, Inc. To the extent that they do state a claim
against the defendant, they are hereby expressly denied.

29. The defendant, Marriott International, Inc., makes no
answer to the allegations contained in this paragraph as they do
not purport to state a claim against the defendant, Marriott
International, Inc. To the extent that they do state a claim
against the defendant, they are hereby expressly denied.

30. The defendant, Marriott International, Inc., makes no

4

answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, Marriott International, Inc. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

31. The defendant, Marriott International, Inc., makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, Marriott International, Inc. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

32. The defendant, Marriott International, Inc., makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, Marriott International, Inc. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

33. The defendant, Marriott International, Inc., makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, Marriott International, Inc. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

34. The defendant, Marriott International, Inc., makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, Marriott International, Inc. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

## SECOND DEFENSE

This action is barred by operation of the applicable statute of limitations.

## THIRD DEFENSE

If the plaintiffs are entitled to recover against the defendant, any such recovery must be reduced in accordance with the comparative negligence statute, G.L. c. 231, sec. 85, since the negligence of the plaintiffs was the proximate cause of the injuries allegedly sustained.

## FOURTH DEFENSE

The plaintiffs were more than 50% at fault in causing the alleged injuries and, therefore, are barred from recovery by the comparative negligence statute, G.L. c. 231, sec. 85.

## FIFTH DEFENSE

The Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(4) for insufficiency of process.

## SIXTH DEFENSE

The Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(5) for insufficiency of service of process.

## SEVENTH DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can be granted and, therefore, the Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(6).

## EIGHTH DEFENSE

The plaintiffs have failed to mitigate, minimize or avoid damages, if any, alleged in the plaintiffs' Complaint; accordingly, any recovery must be reduced by the amount of damage

6

resulting from such failure.

## NINTH DEFENSE

The acts or omissions which are alleged to have caused the damages and/or injuries referred to in the Complaint were committed by a third party who was not an agent or employee of the defendant and for whose acts or omissions the defendant is not legally responsible.

## TENTH DEFENSE

The Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(6) on the grounds that the plaintiffs' conduct is insufficient as a matter of law.

## ELEVENTH DEFENSE

This action is barred by the statute of repose, G.L. c. 260, sec. 2B.

## TWELFTH DEFENSE

The Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(6) on the grounds that the cause of action as alleged is pre-empted.

## THIRTEENTH DEFENSE

The Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(2) on the grounds that there is no personal jurisdiction over the defendant.

## FOURTEENTH DEFENSE

The Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(3) on the grounds that the venue is improper.

## FIFTEENTH DEFENSE

The Complaint should be dismissed based on the doctrine of

7

*forum non conveniens.*

## SIXTEENTH DEFENSE

To the extent New Hampshire Law may apply, the Plaintiffs were comparatively at fault under the provisions of N.H. RSA 507:7-d.

## SEVENTEENTH DEFENSE

To the extent New Hampshire Law may apply, Defendant asserts the defense of superseding, intervening cause.

## EIGHTEENTH DEFENSE

To the extent New Hampshire Law may apply, Defendant asserts the defense of assumption of risk.

## NINETEENTH DEFENSE

To the extent New Hampshire Law may apply, Defendant disputes the nature, extent and affects of the alleged damages the Plaintiffs' claim to have suffered as a result of the Defendants' alleged actions.

## TWENTIETH DEFENSE

To the extent New Hampshire Law may apply, Defendant denies that it or anyone for whose conduct it was responsible was negligent.

## TWENTY-FIRST DEFENSE

To the extent New Hampshire Law may apply, Defendant denies that it is vicariously liable for the plaintiffs' alleged injuries.

## TWENTY-SECOND DEFENSE

To the extent New Hampshire Law may apply, the Plaintiffs caused or contributed to cause their alleged damages.

## TWENTY-THIRD DEFENSE

To the extent New Hampshire Law may apply, the Plaintiffs' claims are barred or limited by the applicable New Hampshire regulations, statutes or local laws.

## TWENTY-FOURTH DEFENSE

To the extent New Hampshire Law may apply, the Plaintiffs' claims are barred the applicable statute of limitations (N.H. RSA § 508:4).

## TWENTY-FIFTH DEFENSE

To the extent New Hampshire Law may apply, the Plaintiffs' claims are barred the applicable statute of repose.

WHEREFORE, the Defendant demands that this action be dismissed and that judgment enter in the Defendant's favor together with costs.

THE DEFENDANT DEMANDS A TRIAL BY JURY.

THE DEFENDANT,
MARRIOTT INTERNATIONAL, INC.,
BY ITS ATTORNEYS,

Date: 5/27/05

Anthony M. Campo, BBO# 552093
Keith L. Sachs, BBO# 634025
Boyle, Morrissey & Campo, P.C.
695 Atlantic Avenue
Boston, MA 02111
(617) 451-2000
FAX: (617) 451-5775

9

F:\WordDocs\Cases\6559\plead\Answer.doc

## CERTIFICATE OF SERVICE

Pursuant to Mass. R. Civ. P. 5(a) and/or Sup. Ct. R. 9A, I, Keith L. Sachs, do hereby certify that a copy of the foregoing documents have been served first-class postage prepaid on all parties or their representatives in this action as listed below:

### COUNSEL FOR THE PLAINTIFF

Garrett J. Bradley
Thornton & Naumes, LLP
100 Summer Street
30th Floor
Boston, MA 02110

### COUNSEL FOR ZURICH NORTH AMERICA

PETER G. HERMES
Hermes, Netburn, O'Connor
& Spearing, P.C.
111 Devonshire Street
Boston, MA 02109-5407

SIGNED UNDER THE PENALTIES OF PERJURY THIS 27 DAY OF
_____, 20___

_____
Keith L. Sachs, BBO# 634025
Boyle, Morrissey & Campo, P.C.
695 Atlantic Avenue
Boston, MA 02111
(617) 451-2000
FAX: (617) 451-5775

A TRUE COPY ATTEST
Francis R. of Siena
CLERK