UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 05-11170MEL

JULIA HEAVERN, BY HER PARENTS AND )
NEXT FRIENDS, DENISE AND PAUL HEAVERN, )
NICOLE HEAVERN, BY HER PARENTS AND )
NEXT FRIENDS, DENISE AND PAUL HEAVERN, )
KERIN MITCHELL, BY HER PARENTS AND )
NEXT FRIENDS, ELLEN AND JIM MITCHELL, )
TAYLOR VIEIRA, BY HER PARENTS AND )
NEXT FRIENDS, KATHY AND STEVE VIEIRA, )
AND BRIAN VIEIRA, BY HIS PARENTS AND )
NEXT FRIENDS, KATHY AND STEVE VIEIRA )
    Plaintiffs )
 )
v. )
 )
MARRIOTT INTERNATIONAL, INC. AND )
ZURICH NORTH AMERICA )
    Defendants )

**AMENDED ANSWER AND JURY CLAIM OF THE DEFENDANT, MARRIOTT INTERNATIONAL, INC., TO THE PLAINTIFFS' COMPLAINT**

FIRST DEFENSE

The Defendant, Marriott International, Inc., answers the separately numbered paragraphs of the Complaint as follows:

PARTIES

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. The defendant is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

6.  The defendant denies the allegations contained in this paragraph.

7.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## JURISDICTION

7.  The defendant denies the allegations contained in this paragraph.

## FACTS

8.  The defendant denies the allegations contained in this paragraph.

9.  The defendant denies the allegations contained in this paragraph.

10. The defendant denies the allegations contained in this paragraph.

11. The defendant denies the allegations contained in this paragraph.

12. The defendant denies the allegations contained in this paragraph.

13. The defendant denies the allegations contained in this paragraph.

14. The defendant denies the allegations contained in this

paragraph.

15. The defendant denies the allegations contained in this paragraph.

16. The defendant denies the allegations contained in this paragraph.

## COUNT I
**JULIA HEAVERN, PPA DENISE AND PAUL HEAVERN V. COURTYARD MARRIOTT**
**NEGLIGENCE**

17. The defendant denies the allegations contained in this paragraph.

18. The defendant denies the allegations contained in this paragraph.

## COUNT III
**NICOLE HEAVERN PPA DENISE AND PAUL HEAVERN V. COURTYARD MARRIOTT**
**NEGLIGENCE**

19. The defendant denies the allegations contained in this paragraph.

20. The defendant denies the allegations contained in this paragraph.

## COUNT III
**KERIN MITCHELL PPA ELLEN AND JIM MITCHELL V. COURTYARD MARRIOTT**
**NEGLIGENCE**

21. The defendant denies the allegations contained in this paragraph.

22. The defendant denies the allegations contained in this paragraph.

## COUNT IV
**TAYLOR VIEIRA, PPA KATHY STEVE VIEIRA V. COURTYARD MARRIOTT**
**NEGLIGENCE**

23. The defendant denies the allegations contained in this paragraph.

24. The defendant denies the allegations contained in this paragraph.

## COUNT V
**BRYAN VIEIRA, PPA KATHY AND STEVE VIEIRA V. COURTYARD MARRIOTT**
**NEGLIGENCE**

25. The defendant denies the allegations contained in this paragraph.

26. The defendant denies the allegations contained in this paragraph.

## COUNT VI
**JULIA HEAVERN, ET AL V. ZURICH NORTH AMERICA**
**VIOLATION OF M.G.L. c. 93A and M.G.L CHAPTER 176D, SECTION 3(9)(f)**

27. The defendant, Marriott International, Inc., makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, Marriott International, Inc. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

28. The defendant, Marriott International, Inc., makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, Marriott International, Inc. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

29. The defendant, Marriott International, Inc., makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, Marriott International, Inc. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

30. The defendant, Marriott International, Inc., makes no

answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, Marriott International, Inc. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

31. The defendant, Marriott International, Inc., makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, Marriott International, Inc. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

32. The defendant, Marriott International, Inc., makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, Marriott International, Inc. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

33. The defendant, Marriott International, Inc., makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, Marriott International, Inc. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

34. The defendant, Marriott International, Inc., makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, Marriott International, Inc. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

## SECOND DEFENSE

This action is barred by operation of the applicable statute of limitations.

## THIRD DEFENSE

If the plaintiffs are entitled to recover against the defendant, any such recovery must be reduced in accordance with the comparative negligence statute, G.L. c. 231, sec. 85, since the negligence of the plaintiffs was the proximate cause of the injuries allegedly sustained.

## FOURTH DEFENSE

The plaintiffs were more than 50% at fault in causing the alleged injuries and, therefore, are barred from recovery by the comparative negligence statute, G.L. c. 231, sec. 85.

## FIFTH DEFENSE

The Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(4) for insufficiency of process.

## SIXTH DEFENSE

The Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(5) for insufficiency of service of process.

## SEVENTH DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can be granted and, therefore, the Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(6).

## EIGHTH DEFENSE

The plaintiffs have failed to mitigate, minimize or avoid damages, if any, alleged in the plaintiffs' Complaint; accordingly, any recovery must be reduced by the amount of damage

resulting from such failure.

### NINTH DEFENSE

The acts or omissions which are alleged to have caused the damages and/or injuries referred to in the Complaint were committed by a third party who was not an agent or employee of the defendant and for whose acts or omissions the defendant is not legally responsible.

### TENTH DEFENSE

The Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(6) on the grounds that the plaintiffs' conduct is insufficient as a matter of law.

### ELEVENTH DEFENSE

This action is barred by the statute of repose, G.L. c. 260, sec. 2B.

### TWELFTH DEFENSE

The Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(6) on the grounds that the cause of action as alleged is pre-empted.

### THIRTEENTH DEFENSE

The Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(2) on the grounds that there is no personal jurisdiction over the defendant.

### FOURTEENTH DEFENSE

The Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(3) on the grounds that the venue is improper.

### FIFTEENTH DEFENSE

The Complaint should be dismissed based on the doctrine of

*forum non conveniens.*

### SIXTEENTH DEFENSE

To the extent New Hampshire Law may apply, the Plaintiffs were comparatively at fault under the provisions of N.H. RSA 507:7-d.

### SEVENTEENTH DEFENSE

To the extent New Hampshire Law may apply, Defendant asserts the defense of superseding, intervening cause.

### EIGHTEENTH DEFENSE

To the extent New Hampshire Law may apply, Defendant asserts the defense of assumption of risk.

### NINETEENTH DEFENSE

To the extent New Hampshire Law may apply, Defendant disputes the nature, extent and affects of the alleged damages the Plaintiffs' claim to have suffered as a result of the Defendants' alleged actions.

### TWENTIETH DEFENSE

To the extent New Hampshire Law may apply, Defendant denies that it or anyone for whose conduct it was responsible was negligent.

### TWENTY-FIRST DEFENSE

To the extent New Hampshire Law may apply, Defendant denies that it is vicariously liable for the plaintiffs' alleged injuries.

### TWENTY-SECOND DEFENSE

To the extent New Hampshire Law may apply, the Plaintiffs caused or contributed to cause their alleged damages.

TWENTY-THIRD DEFENSE

To the extent New Hampshire Law may apply, the Plaintiffs' claims are barred or limited by the applicable New Hampshire regulations, statutes or local laws.

TWENTY-FOURTH DEFENSE

To the extent New Hampshire Law may apply, the Plaintiffs' claims are barred the applicable statute of limitations (N.H. RSA § 508:4).

TWENTY-FIFTH DEFENSE

To the extent New Hampshire Law may apply, the Plaintiffs' claims are barred the applicable statute of repose.

WHEREFORE, the Defendant demands that this action be dismissed and that judgment enter in the Defendant's favor together with costs.

TWENTY-SIXTH DEFENSE

The Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(8) for misnomer of a party.

THE DEFENDANT DEMANDS A TRIAL BY JURY.

THE DEFENDANT,
MARRIOTT INTERNATIONAL, INC.,
BY ITS ATTORNEYS,

Date: 6/15/05

Anthony M. Campo, BBO# 552093
Keith L. Sachs, BBO# 634025
Boyle, Morrissey & Campo, P.C.
695 Atlantic Avenue
Boston, MA 02111
(617) 451-2000
FAX: (617) 451-5775

F:\WordDocs\Cases\6580\Pleadings\Amended Answer 6-8-05.doc

CERTIFICATE OF SERVICE

Pursuant to Mass. R. Civ. P. 5(a) and/or Sup. Ct. R. 9A, I, Keith L. Sachs, do hereby certify that a copy of the foregoing documents have been served first-class postage prepaid on all parties or their representatives in this action as listed below:

**COUNSEL FOR THE PLAINTIFF**

Garrett J. Bradley, Esq.
Thornton & Naumes, LLP
100 Summer Street
30th Floor
Boston, MA 02110

**COUNSEL FOR ZURICH NORTH AMERICA**

Peter G. Hermes, Esq.
Gina A. Fonte, Esq.
Hermes, Netburn, O'Connor
& Spearing, P.C.
111 Devonshire Street
Boston, MA 02109-5407

SIGNED UNDER THE PENALTIES OF PERJURY THIS ____ DAY OF _____, 20____

_____
Keith L. Sachs, BBO# 634025
Boyle, Morrissey & Campo, P.C.
695 Atlantic Avenue
Boston, MA 02111
(617) 451-2000
FAX: (617) 451-5775