UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIA HEAVERN, et al.<br><br>Plaintiffs,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC.<br>and ZURICH NORTH AMERICA,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.: 05-11170- MEL<br>)<br>)<br>)<br>)<br>)<br>) |

**THE DEFENDANT, ZURICH AMERICAN INSURANCE COMPANY'S
INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(A)(1)**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A) - (D) and Local Rule 26.2(A), the Defendant, Zurich American Insurance Company incorrectly identified as Zurich North American ("Zurich"), hereby makes the required initial disclosures:

A.   **NAMES OF INDIVIDUALS WITH INFORMATION RELEVANT TO THE DISPUTED FACTS.**

    1.   Mr. Daniel Wilmer
        Claims Specialist
        Zurich-American Insurance Group
        1400 American Lane
        Tower 2, 7th Floor
        Schaumburg, IL 60196-1056

    2.   Andrew Marthaler
        Claims Specialist
        Zurich-American Insurance Group
        1400 American Lane
        Tower 2, 7th Floor
        Schaumburg, IL 60196-1056

    3.    Brian Lund
Claims Specialist
Zurich-American Insurance Group
1400 American Lane
Tower 2, 7th Floor
Schaumburg, IL 60196-1056

    4.    Melissa Baker
Zurich-American Insurance Group
3910 Keswick Road
Baltimore, MD 21211

Each of these individuals are claims specialists at Zurich. It is believed that each of these individuals will have knowledge and information regarding insurance claims processing and coverage issues as they relate to the claims asserted against Capitol Hotel Company f/k/a Marriott International Inc. (the "Marriott"). Each of these individuals can be contacted through Zurich's counsel, Hermes, Netburn, O'Connor & Spearing, P.C.

To the extent any of the witnesses and/or parties to the underlying case have knowledge or information relevant to this action, Zurich refers the Plaintiffs to its claim file for the identification of said individuals.

**B.   DOCUMENTS, DATA COMPILATIONS AND TANGIBLE THINGS WITHIN ZURICH'S POSSESSION, CUSTODY OR CONTROL.**

Zurich has moved for summary judgment in this action pursuant to Fed. R. Civ. P. 56(c) with respect to Count VI ("Violation of M.G.L. c. 93A and M.G.L. c. 176D, Section 3(9)(f)") of the Plaintiffs' Complaint, which is the only Count asserted against Zurich. Alternatively, Zurich has requested that Count VI of the Complaint asserting claims under Chapter 93A/176D against Zurich be severed and stayed until such time as the Plaintiffs' claims against the Marriott are resolved.[1]

If and when the Chapter 93A/176D claims are litigated between the Plaintiffs and Zurich, Zurich will produce copies of the following documents, excluding documents protected or

---

[1] The Plaintiffs filed an Opposition to Zurich's Motion for Summary Judgment. The Plaintiffs have indicated that they would not oppose Zurich's Motion to Sever and Stay Count VI of the Complaint asserting claims under Chapter 93A/176D against Zurich.

privileged from discovery by the attorney-client privilege, the work product immunity or as materials prepared in anticipation of litigation and/or preparation for trial:

    1.    Zurich's underwriting file; and

    2.    Zurich's underlying claims file.

**C.**    **DAMAGES COMPUTATION.**

Zurich is the insurer for the Marriott under Policy No. CPO 2867731-00 which was in effect from December 1, 2002 through December 1, 2003 (the "Policy"). If Zurich's insured is liable to the Plaintiffs as alleged in the Complaint, then Zurich will provide insurance coverage in accordance with the terms and conditions set forth under the Policy.

With respect to damages for Zurich's alleged violations of M.G.L. c. 93A and M.G.L. c. 176D, Zurich maintains that it is not liable to the Plaintiffs and that it is entitled to summary judgment in its favor as a matter of law because:

(1)    the Plaintiffs are barred from asserting claims against Zurich pursuant to M.G.L. c 93A because the written settlement demands that were sent to Zurich were not proper demands and failed to satisfy the requirements of M.G.L. c. 93A;

(2)    Zurich did not violate M.G.L. c. 176D by not making a settlement offer to the Plaintiffs because liability and damages in this case are not reasonably clear; and

(3)    the Plaintiffs suffered no injury or damages as a result of Zurich's failure to respond to the written demands dated June 21, 2004.

**D.**    **INSURANCE AGREEMENT**

The insurance agreement pursuant to which Zurich may be required to satisfy a judgment in favor of the Marriott is contained in the Policy.

ZURICH AMERICAN INSURANCE
COMPANY,
By its Attorneys,


_____
Peter G. Hermes, BBO. No. 231840
Gina A. Fonte, BBO No. 642367
HERMES, NETBURN, O'CONNOR &
SPEARING, P.C.
111 Devonshire Street, 8th Floor
Boston, MA 02109
(617) 728-0050
(617) 728-0052 (Fax)

### CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September, 2005, I served the above notice on the Plaintiffs in the above-entitled action by mailing a copy thereof, postage prepaid, to counsel of record:

Garrett Bradley, Esquire
Thornton & Naumes, LLP
100 Summer Street, 30th Floor
Boston, MA 02110

Anthony Campo, Esq.
Keith L. Sachs, Esq.
Boyle, Morrissey & Campo
695 Atlantic Avenue
Boston, MA 02111

_____
Gina A. Fonte

G:\DOCS\PGH\clients\zurich\Heavern\Pleadings\Initial Disclosures.doc

- 4 -