**E N D O R S E M E N T**

JULIA HEAVERN, et al. v. MARRIOTT INTERNATIONAL, INC. and ZURICH NORTH AMERICA
05-CV-11170-MEL

LASKER, D.J.

Defendant Zurich North America ("Zurich") moves for summary judgment on Count VI of Plaintiffs' claim, alleging violations of M.G.L. c. 93A and M.G.L. c. 176D. On June 21, 2004, Plaintiffs' counsel sent a letter to Zurich which provides, in relevant part, "Kindly contact me if you wish to discuss settlement of these matters within 30 days of your receipt of this correspondence." Subsequently, Zurich neither responded to the letter nor made a settlement offer.

The purpose of Chapter 93A is to protect consumers from deceptive or unfair practices. A demand letter is part and parcel of any Chapter 93A claim and is designed to "facilitate the settlement and damages assessment aspects of c. 93A and as such the letter and notice therein is a procedural requirement, the absence of which is a bar to suit." Entrialgo v. Twin City Dodge, Inc., 368 Mass. 812, 813 (1975). A demand letter must meet specific requirements in order to warn a potential defendant that the heavy consequences of Chapter 93A may be invoked. It must contain one of the following six criteria: (1) an express reference to c. 93A; (2) an express reference to the Consumer Protection Act; (3) an assertion that the rights of the claimants as consumers have been violated; (4) an assertion that the defendant has acted in an unfair or deceptive manner; (5) a reference that the claimants anticipate a settlement offer within thirty days; or (6) an assertion that the claimant will pursue multiple damages and legal expenses, should relief be denied. Cassano v. Gogos, 20 Mass. App. Ct. 348, 350-51 (1985).

Plaintiffs' demand letter does not meet the standard required in order to trigger Chapter 93A's heavy sanctions. DiBona v. Furnace Brook Office Condominium Association, 2000 WL 804648 *2 (Mass. Super. 2000)(finding an almost identical demand letter to be inadequate as a matter of law). The vague language in the letter at issue here did not provide Zurich with sufficient warning that it was potentially facing Chapter 93A sanctions.

As to the alleged Chapter 176D violation, the language of the statute precludes the Plaintiffs' claim. An unfair claim

settlement practice under Chapter 176D can only occur after "liability has become reasonably clear." The issue of liability and damages remains unclear such that Zurich cannot yet be found to have violated Chapter 176D.

Accordingly, Zurich's motion for summary judgment is GRANTED.

It is so ordered.

Dated:   October 31, 2005
         Boston, Massachusetts        /s/ Morris E. Lasker
                                           U.S.D.J.